James Stanley **BJORNSON**, Appellant,

v.

Richard J. **CORBITT** III and Jack Manning, Appellees.

No. 2–84–083–CV.

Court of Appeals of Texas, Fort Worth.

May 22, 1985.

**346**

Ben Monning, Jr., Wills Point, for appellant.

Richard Corbitt and Jack Manning, Dallas, pro se.

Before FENDER, C.J., and BURDOCK and JOE SPURLOCK, II, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellees, Richard J. Corbitt, III and Jack Manning, attorneys, brought this suit in intervention in a divorce case involving James Stanley Bjornson, appellant, and his former wife. The intervention was brought after final judgment had been granted in the case, and was a suit to collect attorneys' fees owing in the approximate sum of $17,000, to be paid out of funds in the court registry. The trial court granted a default judgment for appellees on their claim against appellant, and he appeals.

We reverse and remand.

Bjornson raises five points of error claiming that the trial court had lost its jurisdiction prior to the suit for intervention and that the intervention was an attempt to alter a judgment which had become final. He argues the judgment was altered making him liable for his wife's attorneys' fees. He specifically claims in point of error one that TEX.FAM.CODE ANN. sec. 3.71 (Vernon Supp.1985) limited the court's plenary power in this matter. In point of error two he argues that the original divorce decree was res judicata of the suit in intervention. In point of error three he points out that the petition was filed seven months after judgment and was therefore untimely, and in point four that the judgment obtained by the attorneys against both husband and wife, jointly and severally, was not supported by the pleadings. Point of error five was that he did not receive notice of the cause of action, but was conceded by him on oral argument and will not be discussed.

This is an appeal by writ of error from a personal money judgment rendered against Bjornson on a petition in intervention filed in the divorce proceedings almost eight months after the decree of divorce was signed. The trial court signed the decree of divorce on October 22, 1982 granting the divorce and providing for custody and support of the parties' minor children, dividing community property and making arrangements for the appointment of a receiver to divide the house in the event the homestead was not sold by the parties. There were provisions for the payment of certain debts and the court ordered that each party should pay his or her own attorney's fees.

The petition in intervention was filed in the original cause on June 3, 1983 by the appellees. They were seeking to recover a balance due to them on their contract of employment with Jo Ann Bjornson, the former wife of appellant. They alleged that only Jo Ann Bjornson and the community estate were indebted to them in the amount of $16,000 as attorneys' fees and $1,000 in costs expended. They alleged no cause of action against appellant. They prayed for judgment in the amount of $17,000 and for an order that the payment of the award be made out of funds held in the registry of the court.

On July 11th, the trial court signed an order allowing the attorney for appellant to withdraw and on July 12th the court granted the intervention of appellees. The court signed the new judgment on the 22nd day of September 1983 reciting that the plea in intervention was heard on August 18th, although there was no official record made of the hearing and there are no court reporter's notes and no statement of facts available to appellant. He made no appearance at the intervention hearing nor was he represented by counsel at the time of the trial. The default judgment rendered against him awarded appellees a personal judgment against Jo Ann Bjornson and him, jointly and severally, in the amount of $15,784.

■ In his point of error one Bjornson says the court erred in rendering the judgment of September 22, 1983 because the final judgment entitled "Decree of Divorce" was signed on October 22, 1982, and with no motion for new trial, 30 days later the trial court was divested of any further authority or jurisdiction. His point of error is well taken and sustained. We find it is dispositive of this case.

Appellees contend the judgment signed on September 22, 1983 was only an order which clarified the prior order and that the court had authority to enter such an order under sections 3.71, 3.72, and 3.74 of the Texas Family Code. Further they argue that such order was not res judicata of an issue on trial of the case but rather a reduction to money judgment as provided for in art. 3.74 of the Texas Family Code, when a party such as the appellant, James Stanley Bjornson, has failed to comply with a provision of the decree of divorce. We disagree.

■ TEX.R.CIV.P. 329(b) provides that the trial court may, regardless of whether an appeal has been perfected, grant a new trial or vacate, modify, correct or reform the judgment within 30 days after the judgment is signed. In this case there was no motion for new trial filed and there was no appeal taken from the original judgment as granted on October 22, 1982. Once the 30

days expired, that judgment became final and the trial court lost jurisdiction over the case and could not thereafter change or modify the judgment except according to law. At that time the court lost authority to modify the judgment. *McGehee v. Epley*, 661 S.W.2d 924, 925 (Tex.1983). The court, when it entered its judgment in September of 1983, was perhaps attempting to enter an order clarifying the previous judgment. Appellees reason that the order rendered was not one modifying the judgment, but was an order which did little more than provide for enforcement of the decree previously entered. This is not so.

■ The order of September 22, 1983 was, as a matter of law, more than a mere clarification consistent with the prior judgment. It affirmatively imposes an obligation upon appellant and the community to pay attorneys' fees for his wife, where no obligation previously existed. For appellees to argue that a judgment which requires the husband to pay a sum certain, jointly and severally with his former wife, where no such obligation existed in the original judgment, and calling this a reduction to money judgment and only a clarification of a previous order is specious arguing. It is instead an unauthorized attempt to modify the property division portion of a divorce decree after the court's plenary power had expired. *Ex parte Wagley*, 530 S.W.2d 609, 611 (Tex.Civ.App. [14th Dist.] 1975, no writ).

The court in *Walton v. Stinson*, 140 S.W.2d 497, 499 (Tex.Civ.App.—Dallas 1940, writ ref'd.), stated the rule that:

If a judgment is void it must be from one or more of the following causes: (1) Want of jurisdiction over the subject-matter; (2) want of jurisdiction over the parties to the action, or some of them; (3) want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second class, the court acts without jurisdiction, while in those of the third class it acts in excess of jurisdiction.

In *Maxwell v. Campbell,* 282 S.W.2d 957, 958 (Tex.Civ.App.—Waco 1955, writ ref'd.), the court stated that "in so far as a *void* judgment purports to be the pronouncement of a court, it is not only invalid but is an absolute nullity and is in contemplation of law, no judgment at all." We hold the trial court was without authority to grant the relief requested in the petition and that the judgment dated September 22, 1983 is void and an absolute nullity. We sustain point of error one.

Having sustained the first point of error we find that it is dispositive of this matter on appeal. We will not rule on the other points of error except to note that they likewise would be well taken and sustained except for point of error five. Accordingly, we order that the judgment on appellees' suit in intervention in this cause be reversed and remand the cause to the trial court with orders to set aside and vacate the judgment against appellant, James Stanley Bjornson. We further order that appellees pay all costs in this matter.