Cleston O. GRIFFITH, Appellant,

v.

Patricia Ann GRIFFITH, Appellee.

No. 08–85–00005–CV.

Court of Appeals of Texas, El Paso.

Oct. 2, 1985.

John A. Rank, III, Baker & Baker, Corpus Christi, for appellant.

Kathleen Cardone, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

Cleston Griffith appeals from a clarification of judgment order obtained by his former wife Patricia Ann Griffith under the provisions of Sections 3.71 and 3.72 of the Texas Family Code. The order provides that Cleston Griffith would redesignate Patricia Ann Griffith as a "former spouse" under his United States Army Survivor's Benefit Plan (SBP) and that he would pay one-half the increased premium. It further provides that a condominium in both their names would not be sold until their child reached the age of twenty-one. We affirm as to the SBP and reverse as to the prohibition against sale of the condominium.

The original divorce decree was obtained by the wife on June 27, 1983. The court awarded the wife the right to be the sole beneficiary to the husband's United States Army Survivor's Benefit Plan (SBP). This plan would provide for benefits payable to her upon his death. The specific language of the divorce decree pertaining to the SBP was as follows:

Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title, and interest in and to such property:

[I]t is ORDERED that Respondent shall continue to pay SBP (Survivors Benefit Plan) and shall continue to maintain Petitioner as the sole beneficiary of the SBP to the full extent of all benefits from SBP upon his death. Respondent is further ORDERED to provide Petitioner such evidence as is necessary to satisfy Petitioner from time to time that she is the sole beneficiary of such SBP as set forth hereinabove and further, Respondent is ORDERED, at no time in the future, to attempt to change such beneficiary designation.

The Agreement Incident to Divorce which had been incorporated into the divorce decree provided under Paragraph 3.01 *Property of Wife*, subparagraph 5 the following:

In this regard, it is agreed by and between the parties that Husband shall continue to pay SBP (Survivors Benefit Plan) and shall continue to maintain Wife as the sole beneficiary of the SBP to the full extent of all benefits from SBP upon his death. Husband further agrees to provide Wife such evidence as is necessary to satisfy Wife from time to time that she is the sole beneficiary of such SBP as agreed hereinabove and further, Husband agrees, at no time in the future, to attempt to change such beneficiary designation. Husband further agrees to the entry of a Consent Decree ordering him to comply with the terms of this paragraph.

At Paragraph 4.03, the following appears:

4.03 *Survivor Benefit Plan*. The parties acknowledge that at the present time, CLESTON O. GRIFFITH has filed with the United States Government an election to provide the Survivor Benefit Package benefits to PATRICIA ANN GRIFFITH payable upon his death. The parties agree it is just and right that such survivor benefit package election be continued and maintained in full force and effect and that same should not be altered or withdrawn by CLESTON O. GRIFFITH during his lifetime.

The parties therefore agree that CLESTON O. GRIFFITH shall not during his lifetime, revoke, modify, amend or withdraw or in any other form alter the election to provide the Survivor Benefit Package for the benefit of PATRICIA

ANN GRIFFITH, which presently would pay to her upon the death of CLESTON O. GRIFFITH the survivor benefits and that CLESTON O. GRIFFITH be restrained and enjoined from revoking, withdrawing, amending or in any other way modifying or altering such benefit package election upon entry of the Decree of Divorce herein.

The husband originally made his election to provide survivor's benefits to the wife as his "spouse" under the SBP on June 17, 1980. This date was three years prior to the date of the final decree of divorce. After the divorce, the wife was advised by the United States Army that unless the former husband redesignate her as a "former spouse," she would not be entitled to *any* benefits. She then contacted him in regard to this information and asked that he redesignate her as a "former spouse" in order to insure that she remain the sole beneficiary of the plan. He refused to make the redesignation as it would result in a higher premium cost to him.

Patricia Ann then filed her Motion for Contempt and Motion to Enforce and Clarify Divorce Decree and Action for Breach of Contract. He filed his answer which also contained a Motion to Partition the condominium that the parties had purchased as tenants in common.

Various hearings were held and the parties attempted to resolve their differences. Finally, on November 30, 1984, the court entered the present order which provided that the former husband would make the new redesignation of "former spouse" and that each would pay one-half of the increased premium. The prohibition against the sale of the condominium was also added.

The Appellant contends in Point of Error No. One that the lower court was without jurisdiction to enter a judgment requiring him to redesignate the Appellee as a "former spouse" under the SBP because in doing so the court amended, altered, and changed the final decree of divorce contrary to the provisions of Section 3.71 of the Texas Family Code.

Section 3.72 of the Texas Family Code allows the court to issue clarification orders, but this is limited by the provisions of Section 3.71 which provides in part that:

> Except as provided by this subchapter and by the Texas Rules of Civil Procedure, a court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. Further orders may be entered to enforce the division, but these orders shall be limited to orders in aid of or in clarification of the prior order. The court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed.

> An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court to enter and is unenforceable.

The statute is consistent with the Supreme Court's statement that substantive changes in divorce decrees cannot be made after the trial court's judgment becomes final. *McGehee v. Epley,* 661 S.W.2d 924 (Tex.1983); Rule 329b(a), Tex.R.Civ.P.

The parties agree that the original decree did not contemplate the problem that has arisen. Since the time of the original designation of the wife as the sole beneficiary to the Survivor's Benefit Plan, Army's regulations have changed so that she must be redesignated as a "former spouse" if she is to receive benefits, the Appellant must now pay additional premiums and the amount that the Appellee will receive will be greatly increased.

■ It is clear that under the terms of the divorce decree and incorporation agreement, the Appellant was to designate and continue to designate the Appellee as the sole beneficiary to his SBP. Appellant has always been required to pay the premiums to insure that the Appellee would remain the sole beneficiary of that plan. This

would be the case whether the amount of the benefit *or* the premium were to increase or decrease. Consequently, requiring the Appellant to redesignate the Appellee as a "former spouse" is merely an attempt by the court to enforce the provision in the divorce decree which required that the Appellee be maintained as the sole beneficiary under the plan.

As to the increase in premiums, the primary consideration as seen from the agreement of the parties and the divorce decree was that in no event would the plan be allowed to lapse. This is not a case whereby the conditions and terms of the final divorce decree have been changed, thereby requiring more of one party than was expected at the date of divorce. *Smiley v. Smiley,* 679 S.W.2d 170 (Tex.App.—San Antonio 1984, no writ). The Appellant was at all times obligated to maintain and continue the SBP in favor of the Appellee. Since the terms of the decree did not specify or limit what was expected of the Appellant in order to perfect the disposition of the SBP, the Appellant would be responsible for whatever premiums that are necessary to keep that benefit in effect.

If Appellant were required to redesignate the Appellee but not required to pay the increase in premiums, the provision for the SBP would lapse and become a nullity. The first point is overruled.

Appellant contends in Point of Error No. Two that the trial court erred in directing the parties to change their relationship as tenants in common with respect to property acquired after the divorce because the court had no jurisdiction to order the change.

Before they divorced, the parties entered into an earnest money contract for the purchase of a condominium. The actual closing for this condominium occurred on August 3, 1983, which was approximately one month after the date of the divorce.

■ In the Clarification of Judgment, the court ordered that the parties remain tenants in common as to the condominium.

The pertinent language of the Clarification Order was as follows:

The parties are ordered not to change their relationship as tenants in common with respect to a condominium unit described as Lot 23, Block 16, Dale Bellamah Addition, City of El Paso until the 21st birthday of their youngest child, at which time their legal rights as co-tenants may be exercised in any manner available to them under Texas law.

This was an attempt by the trial court to impose a burden on the husband's interest in the real estate that did not previously exist. The court was without jurisdiction to provide for this, and in this regard, the court's order was a nullity. *McGehee v. Epley,* supra. Appellant's Point of Error No. Two is sustained.

Appellee has an intimation in her argument under Appellant's first point that he should be ordered to pay the full increase and that the court order requiring her to make one-half of that increase should be deleted. No cross-point to this effect has been presented and the argument is overruled. Rule 420, Tex.R.Civ.P.; Appellate Procedure in Texas (2d ed) sec. 15.16 (1979).

The judgment of the trial court is affirmed except wherein the court orders the parties not to change their relationship as tenants in common in regard to the condominium until the twenty-first birthday of their youngest child. That portion of the order is deleted and the title to that real estate is left unchanged.