**Gene Davis BOAZ, Appellant,**

v.

**Dorothy Marie Cargill BOAZ, Appellee.**

**No. A14–85–564–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 27, 1986.

Rehearing Denied May 1, 1986.

Gary L. McConnell, Lynn J. Klement, Angleton, for appellant.

C. Wayne Holder, Freeport, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from an order granting appellee's Motion to Clarify Judgment, Enforce Judgment or in the Alternative Partition Property. We affirm the judgment of the trial court.

Appellant (Mr. Boaz) and appellee (Mrs. Boaz), incident to their pending divorce action, agreed to a division of community property. The divorce decree evidencing the agreement was signed September 2, 1983. However, some community property funds had not yet been received by the parties and were due at some future date. In 1984, Seaboard Constructors, Inc. sent two checks to Mr. Boaz, its ex-employee. The checks were in the amounts of $10,-099.95 and $57,315.47 and were made payable to both Mr. and Mrs. Boaz. Mr. Boaz, without Mrs. Boaz's knowledge, endorsed the checks and deposited them in his company account. Seaboard refused to honor payment on the checks because they lacked the endorsement of Mrs. Boaz.

Mrs. Boaz learned of the attempt by her husband to take property awarded to her in the divorce decree and filed a Motion to Clarify Judgment pursuant to Section 3.70 of the Texas Family Code. The motion was filed June 18, 1984. Seaboard, on December 6, 1984, filed a Motion to Tender into the Registry of the Court $67,415.42 as accrued pension and profit sharing funds due the parties. The court denied the request of Seaboard, held a hearing on March 26, 1985, and, on June 6, 1985, signed the order from which Mr. Boaz appeals. The court found that the retirement benefits in the form of accrued pension and profit sharing funds were accrued during the marriage, were divided by the divorce de-

cree and were the funds sought by Mr. Boaz in his cause of action against Seaboard.

In his first point of error, Mr. Boaz contends the trial court erred in entering the order granting Mrs. Boaz's motion because the effect of the order was to modify the final decree in a substantive way. Such an alteration of the final decree would violate Section 3.71(b) of the Texas Family Code and would be unenforceable. That section provides that "[a]n order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court to enter and is unenforceable."

We disagree with Mr. Boaz's assertion that the order entered by the trial court had the effect of substantively modifying or altering the final divorce decree. Our reading of the decree indicates that pension and profit sharing funds from Mr. Boaz's former employer, Seaboard Constructors, Inc., were accumulated during the marriage and were to be divided forty percent to Mr. Boaz and sixty percent to Mrs. Boaz. The decree further stipulated that all present and future retirement funds, *other than those due from Seaboard,* were to be the separate property of the parties to whom they accrued.

At the hearing on the Settlement Agreement, at which time the terms of the decree were stated for the record, Mr. Boaz testified that he did not own or know of any property "of any type, character, or nature" not revealed in the decree. This testimony, taken together with our reading of the decree, leads us to the same conclusion reached by the trial court: The monies requested by Mrs. Boaz to be divided in accordance with the decree are the same monies specifically mentioned in the decree, and are divided in the same proportions as set forth in the decree. The order granting Mrs. Boaz's motion does not amend, modify, alter, or change the substantive division of property made in the decree. *But compare McGehee v. Epley,* 661 S.W.2d 924

(Tex.1983), and *Bjornson v. Corbitt,* 690 S.W.2d 345 (Tex.App.—Fort Worth 1985, no writ) (where the judgments did make substantive modifications of the final decrees). The trial court entered the order to enforce the division of property set forth in the decree and to clarify the prior order. Appellant's first point of error is overruled.

Appellant complains in his second point of error that the trial court erred in entering the order granting Mrs. Boaz's motion because its Finding of Fact No. 4 is in direct and irreconcilable conflict with the order. To properly review this point we find it helpful to set out the pertinent portions of the divorce decree and Finding of Fact No. 4 in detail. The decree provides that the estate of the parties be divided as follows:

To the Petitioner, GENE DAVIS BOAZ, as his sole and separate property and estate, free and clear of any claim of Respondent, the following:

[Herewith followed a list of items of real and personal property numbered 1 through 8.]

9. The Court further finds that there is now a suit pending entitled Cause No. 81F3197, *Seaboard Constructors, et al v. Gene Boaz, in the 149th Judicial District Court of Brazoria County, Texas.* It is impossible at this time to ascertain the amount of the recovery, if any, that will be made by the parties to this divorce suit in the last mentioned proceeding. It is therefore:

ORDERED, ADJUDGED and DECREED that Petitioner, GENE DAVIS BOAZ, be awarded as his separate property and estate free and clear of any claim of Respondent, forty per cent (40%) of any of the net recovery of the proceeds from the prosecution of said suit. By the term "net proceeds" is meant forty per cent (40%) of the recovery after deducting all expense of litigation which would include attorney's fees, court costs, appraiser's fees or any other expense usually connected with the prosecution of said cause.

10. All *retirement benefits* of any type arising out of his present or future employment, *other than that which is to be adjudicated in the Cause No. 81F3197, Seaboard Constructors, et al v. Gene Boaz, in the 149th Judicial District Court of Brazoria County, Texas,* which is divided as aforesaid forty per cent (40%) to Petitioner, GENE DAVIS BOAZ.

To the Respondent, DOROTHY MARIE CARGILL BOAZ, as her sole and separate property and estate, free and clear of any claim of Petitioner, the following:

[Herewith followed a list of items of real and personal property numbered 1 through 5.]

6. The Court further finds that there is now a suit pending entitled Cause No. 81F3197, *Seaboard Constructors et al v. Gene Boaz, in the 149th Judicial District Court of Brazoria County, Texas.* It is impossible at this time to ascertain the amount of the recovery, if any, that will be made by the parties to this divorce suit in the last mentioned proceeding. It is therefore:

ORDERED, ADJUDGED and DECREED that Respondent, DOROTHY MARIE CARGILL BOAZ, be awarded as her separate property and estate free and clear of any claim of Petitioner, sixty per cent (60%) of any of the net recovery of the proceeds from the prosecution of said suit. By the term "net proceeds" is meant sixty per cent (60%) of the recovery after deducting all expense of litigation which would include attorney's fees, court costs, appraiser's fees or any other expense usually connected with the prosecution of said cause.

7. All *retirement benefits* of any type arising out of her present or future employment, *other than that which is to be adjudicated in the Cause No. 81F3197, Seaboard Constructors, et al v. Gene Boaz, in the 149th Judicial District Court of Brazoria County, Texas,* which is divided as aforesaid, sixty per cent (60%) to Respondent, DOROTHY MARIE CARGILL BOAZ, and forty per cent (40%) to Petitioner, GENE DAVIS BOAZ. (Emphasis added.)

In Finding of Fact No. 4, the trial court found that "[t]here was no evidence from any party nor was this Court requested to take [j]udicial knowledge of the matters [involved] in 81F3197, styled SEABOARD CONSTRUCTORS, INC. ET AL V. GENE DAVIS BOAZ, in the 149th Judicial District Court of Brazoria County, Texas."

Appellant concedes that if the monies involved in this appeal are the same as those involved in Cause No. 81F3197, then the court's order granting appellee sixty percent of the funds simply enforces the division of retirement funds pursuant to the decree. Appellant argues, however, that because the court received no evidence from Cause No. 81F3197 and took no judicial knowledge of matters involved in that suit, it could not have reached the conclusion in its order that the decree required these specific funds to be divided sixty percent to Mrs. Boaz and forty percent to Mr. Boaz. However, this argument fails to take into account appellant's own testimony at the hearing on the Settlement Agreement that no other property of any nature existed other than that which was divided by the decree.

Mr. Boaz further informed the court that he had sued Seaboard in another cause and raised the question that these monies could be from some other cause of action. This statement prompted the Court to reject Seaboard's tender of the funds. However, Mr. Boaz has failed to bring forward any evidence of any other cause of action by or against Seaboard or of any funds owed Mr. Boaz by Seaboard *other than those divided by the decree.* An examination of the decree and the other evidence before the trial court indicates that it was the intent of the parties and the court to divide *these* specific funds sixty percent to Mrs. Boaz and forty percent to Mr. Boaz. The trial court was not required to receive evidence on or take judicial knowledge of the matters involved in Cause No. 81F3197 in order to reach the conclusion that the proceeds

from the Seaboard lawsuit were divided by the divorce decree. Considering the evidence before us as a whole, we find no irreconcilable conflict between Finding of Fact No. 4 and the trial court's order enforcing the property division set forth in the divorce decree. Point of error number two is overruled.

 Appellant claims in his third and fourth points of error that there is no evidence, or alternatively, insufficient evidence to support the trial court's findings in Findings of Fact Nos. 1, 6, and 8. These findings are as follows:

1. Judgment for Divorce and division of community property was entered into as a result of a compromise dictated into the record by Honorable Wiley B. Thomas, attorney for GENE DAVIS BOAZ and Honorable C. Wayne Holder, attorney for DOROTHY MARIE CARGILL BOAZ, which basically, excluding a certain Corporation and Real Property Division, provided for Sixty per cent (60%) to go to DOROTHY MARIE CARGILL BOAZ and Forty per cent (40%) to GENE DAVIS BOAZ, as I construe the evidence with respect to such settlement and judgment entered....

6. The parties and their attorneys intended that GENE DAVIS BOAZ'S retirement benefits from his, "GENE DAVIS BOAZ'S" former employment were to be divided 60% to DOROTHY MARIE CARGILL BOAZ and 40% to GENE DAVIS BOAZ.

8. Both paragraphs seven (7) and ten (10) of the Decree of Divorce refer to: All retirement benefits *arising out of (his) (her) present or future employment* as being the separate property of each party. Both paragraph seven (7) and ten (10) of said Decree of Divorce provide in essence that such retir[e]ment benefits from former employment, as [in] the case of Seaboard Constructors, was to be divided 60% to DOROTHY MARIE CARGILL BOAZ and 40% to GENE DAVIS BOAZ as a former employer by implication.

We find that the evidence in the record is sufficient to support the trial court's findings. *See in re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). We therefore overrule appellant's third and fourth points of error.