**Wilburn R. PIERCE, Appellant,**

v.

**Beatrice J. PIERCE, Appellee.**

**No. 08–91–00341–CV.**

Court of Appeals of Texas, El Paso.

March 3, 1993.

Rehearing Overruled April 21, 1993.

Kathleen C. Anderson, Edward M. Sosa, El Paso, for appellant.

Robert A. Skipworth, Ainsa, Skipworth, Zavaleta & Butterworth, El Paso, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## CORRECTED OPINION

KOEHLER, Justice.

The opinion of the court issued on November 18, 1992 is withdrawn and the following is substituted.

The question in this appeal is whether an order granting a motion to clarify a divorce decree was actually an impermissible order amending or changing the division of property made in that decree, contrary to provi-

sions of the Texas Family Code. We conclude that it was and reverse and render.

## FACTUAL BACKGROUND

Wilburn R. Pierce (Pierce), Appellant, and Beatrice J. Pierce, now Beatrice J. Theisen (Theisen), Appellee, were at one time husband and wife. They were divorced in 1987 as a result of a suit in the 346th District Court. The divorce decree signed on April 30, 1987, divided the properties of the spouses in accordance with their agreement. At the time of the divorce, there was pending a civil action (Ficon suit) in which Pierce and one Thomas Frey had filed a suit against Ficon Corporation and Frey Mechanical Contractors, Inc., for actual and exemplary damages on theories of breach of contract and tortious interference with a contractual relationship.

In that connection, the divorce decree awarded to Theisen "[a]ll right, title, and interest in and to an undivided one-half (½) interest in and to any recovery for breach of contract from the lawsuit styled 'Thomas L. Frey and W.R. Pierce, Plaintiff, v. Nacon Corporation, now known as Ficon Corporation, and Frey Mechanical Contractors, Inc., Defendants', Cause No. 86–2078, filed in the 243rd District Court of El Paso County, Texas, after deducting attorney's fees and expenses of prosecuting said cause of action." It next awarded the other undivided one-half interest in and to any recovery for breach of contract in the lawsuit to Pierce. Finally, it awarded to Pierce "[a]ll right, title, and interest in and to any recovery for exemplary damages and tortious interference from the above mentioned lawsuit, cause number 86–2078."

More than a year after the entry of the divorce decree, on June 21, 1988, Pierce and Frey amended their petition in the Ficon suit to include, in addition to claims for breach of contract and tortious interference, actions for breach of duty of good faith and fair dealing and for intentional infliction of emotional distress. On September 11, 1989, the case went to trial. A settlement between the parties to the suit was reached on September 13, 1989, by the terms of which Pierce and Frey were to receive $250,000 in cash and an additional $350,000 divided into eleven equal monthly installments (a total of $600,000), plus all court costs. On September 22, 1989, Theisen filed a petition in intervention in the Ficon suit claiming a one-half interest in any recovery which Pierce received or was entitled to receive in that suit. Amended petitions in intervention were subsequently filed. All parties in the Ficon suit filed motions to strike the petition in intervention. On October 16, 1989, the trial court agreed that the intervention should be struck but ordered that 50 percent of Pierce's net portion of the settlement proceeds be deposited and retained in the registry of the court until further order.

Theisen then filed on October 27, 1989 her "Motion to Enforce Final Decree of Divorce" in which she claimed entitlement to one-half of the net amount of Pierce's 50 percent of the September 13 settlement on the ground that the entire settlement was for the breach of contract cause of action since there was no allocation of the total amount to the various causes of action. This motion was later amended on January 8, 1991 to include allegations of fraud against Pierce and for the first time, a request that the court "enter an order pursuant to Section 3.72(a) of the Family Code to more precisely specify the manner of effecting the property division previously made without the [sic] altering the substantive division of the property previously made." In the following paragraph of the motion, Theisen requested that the divorce "[d]ecree be clarified" by attributing 100 percent of any settlement not allocated by the court in the Ficon suit to the causes of action pending at the time of the divorce decree, to the breach of contract cause of action alone and by designating Pierce as trustee of any money he received in settlement of that suit.

In the meantime, Frey Mechanical Contractors, having become insolvent, and the other defendants in the Ficon suit having allegedly breached the settlement agreement, Pierce and Frey on October 17, 1989, amended their petition to include a new

defendant, Fischbach Corporation,[1] as the guarantor of the settlement payments. On or about December 7, 1989, the parties in the Ficon suit entered into a new settlement agreement by the terms of which Pierce and Frey were to receive the same total of $600,000, the agreement specifying that all payments would be made on the claims for tortious interference with contracts, breach of the duties of good faith and fair dealing and infliction of emotional distress. No reference was made in the agreement to the breach of contract cause of action. Pierce received a net recovery of $200,000, but the Ficon suit court (243rd District Court) ordered that 50 percent of that recovery or $100,000 be deposited in the registry of the court until it could be determined to whom, as between Pierce and Theisen, it should be paid.

Following a hearing on the amended motion to enforce and to clarify the divorce decree, the 346th District Court on May 31, 1991 ordered that the divorce decree be clarified to provide as follows:

1. If the settlement in the lawsuit in the 243rd Judicial District Court fails to allocate money to the various causes of action pending at the time of the Divorce Decree, then 60% of all sums received by way of settlement shall be attributed to the breach of contract cause of action.

2. W.R. PIERCE will be designated a Trustee of any sums of money which he receives on account of the pending lawsuit pursuant to Section 3.75 of the Family Code.

The court then proceeded to order the clerk to pay out of the $100,000, plus interest, found to be on deposit with the court 60 percent to Theisen and the remainder to Pierce. It is from this "clarifying order" that Pierce brings this appeal asserting in ten points of error that the trial court erred: first, by modifying the divorce decree; second, by making an implied finding, unsupported by the evidence, that 60 percent of the settlement proceeds were attributable to the breach of contract cause of action; third, by concluding that Pierce owed a fiduciary duty to his ex-wife to pursue the breach of contract claim for her benefit; fourth, by allowing testimony to contradict or add to the divorce decree in violation of the parol evidence rule; fifth, by finding, unsupported by the evidence, that Pierce represented that he would protect Theisen's interests in the Ficon suit; sixth, by finding, unsupported by the evidence, that the failure to allocate any amount of the settlement to the breach of contract cause of action was purposely done by Pierce to deprive Theisen of her share of the recovery; seventh, by finding that there was no allocation of the settlement recovery to the various causes of action; eighth, that the breach of contract cause of action was the primary cause of action with the other causes derivative therefrom; ninth, by concluding that the conduct of Pierce constituted a breach of contract; and tenth, by considering improper factors to determine the amount of the settlement recovery to which Theisen was entitled.

POINT OF ERROR NO. ONE

In his first point, Pierce contends that the trial court erred in its "clarifying order" by modifying the property division provisions of the divorce decree to award Theisen one-half of 60 percent of the total recovery in the Ficon suit as opposed to the award in the original decree of one-half of the net recovery for the breach of contract claim only.

Enforcement of the division of property awarded by a divorce decree is governed by Section 3.71 of the Texas Family Code[2] which provides in relevant part as follows:

(a) [A] court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. Further orders may be entered to enforce the division,

1. Fischbach Corporation is the parent company of Ficon Corporation, which in turn is the parent company of Frey Mechanical Contractors, Inc.

2. All statutory references will be to the Texas Family Code Ann. (Vernon 1975) and (Vernon Supp.1992) unless otherwise noted.

but these orders shall be limited to orders in aid of or in clarification of the prior order. The court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed.

(b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court to enter and is unenforceable.

Tex.Fam.Code Ann. § 3.71(a) and (b). Orders for enforcement are thus limited to orders in aid of or in clarification of the prior order. Such orders may more precisely specify the manner of carrying out the property division previously ordered so long as they don't alter or change the substantive division of the property. Clarification orders may only be made upon "a finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt." Tex.Fam.Code Ann. § 3.72(b). That means that a clarification order must be based on a finding, express or implied, that the provision dividing the property is so unspecific or ambiguous that it could not be enforced by a contempt proceeding. No such finding, express or implied, was made by the trial court in the case on appeal.

█ Theisen contends that the provision in question is ambiguous based primarily on her argument that Pierce in his answer to her post decree motion for contempt judicially admitted that fact. This assertion is without merit since only assertions of fact can be judicially admitted. *Houston First American Savings v. Musick*, 650 S.W.2d 764, 767 (Tex.1983). Ambiguity is a question of law, *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex.1980), and thus, cannot be judicially admitted. Without specifying in what respect the decree provision is ambiguous, Theisen argues that the ambiguity of the decree "was amplified by the failure of the Appellant [Pierce] to allocate any sums of money to any cause of action" in the Ficon suit settlement agreement.

She asserts that the divorce decree provision was not altered or modified by the "clarifying order" because Pierce retained all rights and causes of action and "was not obligated or ordered to pay or give up anything which he was not already obligated to do." In support of her position, she cites *Griffith v. Griffith*, 698 S.W.2d 729 (Tex.App.—El Paso 1985, no writ); *Cohen v. Cohen*, 663 S.W.2d 617 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *McGehee v. Epley*, 661 S.W.2d 924 (Tex. 1983); and *Boaz v. Boaz*, 708 S.W.2d 901 (Tex.App.—Houston [14th Dist.] 1986, writ dism'd).

█ Where the divorce decree is unambiguous, the trial court has no authority to enter an order altering or modifying the original disposition of property. *Haworth v. Haworth*, 795 S.W.2d 296, 300 (Tex. App.—Houston [14th Dist.] 1990, no writ); *Fox v. Fox*, 720 S.W.2d 880 (Tex.App.— Beaumont 1986, no writ). Enforcement orders are limited to those in clarification or in aid of the divorce decree. *Able v. Able*, 725 S.W.2d 778, 779 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) ("[i]t must be determined whether the court's action was an enforcement or modification.") The fact that neither the settlement agreement nor the judgment in the Ficon suit makes mention of or allocates any part of the settlement to the breach of contract cause of action does not make the otherwise unambiguous provision of the divorce decree ambiguous. Ambiguity, if any, exists in the Ficon suit settlement agreement, not in the divorce decree.

In *Griffith*, the divorce decree mandated that the husband continue to maintain his United States Army Survivor's Benefit Plan (SBP) with his wife as sole beneficiary. After the divorce, the ex-wife was informed by the United States Army that she would not be entitled to any benefits under SBP unless her ex-husband redesignated her as a "former spouse" rather than as his "spouse." He refused her request to make the change. The trial court subsequently issued a clarifying order that required the ex-husband to designate her as his former spouse. The clarifying order

also prevented the ex-husband from selling his interest in a condominium held in both their names until the couple's child was at least twenty-one years old. On appeal, this Court noted that substantive changes in divorce decrees cannot be made after the trial court's judgment becomes final. 698 S.W.2d at 731, citing *McGhee*, 661 S.W.2d 924 (clarification orders cannot be utilized to modify a final divorce decree). This Court held that requiring the ex-husband to change the designation of beneficiary from spouse to former spouse was merely an attempt by the trial court to enforce the divorce decree, not a change that required the ex-husband to do more than was expected at the date of the divorce. *Griffith*, 698 S.W.2d at 732. This Court further held that the part of the clarifying order requiring the parties to remain tenants in common of the condominium was a nullity since it "was an attempt by the trial court to impose a burden on the husband's interest in the real estate that did not previously exist." *Griffith*, 698 S.W.2d at 732.

In *Cohen*, the Court of Appeals in affirming the trial court's determination that a paragraph in a divorce decree awarding the wife a sum of money to be paid in accordance with a complex formula was vague and ambiguous, held that the trial court did not change the paragraph in question "but only determined how it should be interpreted and applied." 663 S.W.2d at 620. The clarification orders affirmed by the respective Courts of Appeals in *Boaz* and in *Young v. Young*, 765 S.W.2d 440 (Tex.App.—Dallas 1988, no writ) were held not to have modified substantively the divorce decrees in any respect but merely enforced the decrees in accordance with the intent of the parties.

■ The decree provision in question which awarded to Theisen an undivided one-half interest in and to any recovery for breach of contract from the lawsuit, is specific, clear and free from ambiguity. Each party was awarded one-half of the net amount recovered on the breach of contract

cause of action. Pierce was awarded the entire amount recovered on the causes of action for tortious interference with a contractual relationship and exemplary damages. Despite the fact that the Ficon suit provision was unambiguous, the trial court modified it to cover a situation that was apparently unforeseen at the time and developed two and a half years after the decree was signed, namely where the Ficon suit was settled with no amount of the recovery being allocated to the breach of contract cause of action. The trial court did this by arbitrarily determining that in the absence of a settlement provision in the Ficon suit specifically allocating the "money to the various causes of action pending at the time of the Divorce Decree, then 60% of all sums received by way of settlement shall be attributed to the breach of contract cause of action." It is apparent from the court's findings of fact and conclusions of law that the court had concluded that Pierce had rigged the settlement so as to deprive Theisen of her interest in the breach of contract cause of action. However, the divorce decree having long since become final, the divorce court had lost jurisdiction to rectify what it perceived to be a fraudulent situation. The resolution of Theisen's claim must come, if at all, from another forum and another lawsuit.[3] Having concluded that the clarifying order impermissibly modified the divorce decree, the first point of error is sustained.

### POINT OF ERROR NO. TWO

Pierce asserts in his second point that the trial court erred in making a necessary implied finding that 60 percent of the settlement proceeds in the Ficon suit were attributable to the breach of contract cause of action because there either is no evidence, or in the alternative, insufficient evidence to support that finding.

■ When presented with a "no evidence" challenge, this Court is to consider only the evidence and reasonable inferences drawn therefrom which, when viewed in

3. We note that, according to Theisen, she has filed in the district court a separate lawsuit against Pierce, alleging breach of contract and breach of fiduciary duty, and that the suit has been abated pending the outcome of this appeal.

their most favorable light, support the court finding. All evidence and inferences to the contrary are to be disregarded. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Company of America*, 717 S.W.2d 588, 593 (Tex. 1986). If there is more than a scintilla of evidence to support the questioned finding, the no evidence point fails. *Stafford*, 726 S.W.2d at 16.

■ There is no express finding to support the modification of the divorce decree by attributing 60 percent of any proceeds not allocated in the settlement of the Ficon suit to the breach of contract cause of action. However, where the question before the court is whether as a matter of law there is any evidence to sustain the judgment, the appellate court will presume that the evidence supports not only the express findings made by the trial court but also any implied findings necessary to support the judgment. *Park v. Baxter*, 572 S.W.2d 794, 795 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

■ In the instant case, Theisen's brief has not pointed us to any evidence in the record that supports the court's determination that 60 percent of the settlement proceeds is attributable to the breach of contract cause of action, nor does our search of the record reveal any such evidence. Indeed, the only evidence in the record on the subject suggests that the breach of contract action which was against, and only against, Frey Mechanical had by the time of the settlement become worthless because it had liabilities but no assets and therefore, no ability to pay. Theisen argues that such evidence is misleading "because it ignores the fact that the true party in interest with the money to pay damages was Fishback [sic] Corporation." However, a court generally may not disregard the corporate fiction and hold a corporation liable for the obligations of its subsidiary except when it appears the subsidiary is being used as a sham to perpetrate a fraud, to avoid liability, to avoid the effect of a statute, or in other exceptional circumstances. *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 374–75 (Tex.1984);

*Southwestern Bell Telephone Company v. Vollmer*, 805 S.W.2d 825, 833 (Tex.App.—Corpus Christi 1991, writ denied). Since we find no evidence to support the court's determination in its "clarification order" that 60 percent of all settlement funds are to be attributed to the breach of contract action, Pierce's second point of error is sustained.

Having sustained the first and second points of error, it is unnecessary for us to consider the remaining eight points.

Because an implied finding was essential to that part of the court's order and because we have found no evidence to support the finding, the clarification order of the trial court is reversed and judgment hereby rendered that Theisen take nothing by her motion to enforce and clarify the divorce decree. *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176 (Tex.1986). The motions for rehearing of both Pierce and Theisen are overruled.