**David Harley McDOWELL, Appellant,**

v.

**Nancy Ann McDOWELL, Appellee.**

No. 05–85–00562–CV.

Court of Appeals of Texas, Dallas.

Feb. 12, 1986.

Rehearing Denied March 12, 1986.

Thomas L. Hooton, Dallas, for appellant.

James F. Newth, Dallas, for appellee.

Before AKIN, WHITHAM and CARVER [1], JJ.

AKIN, Justice.

David Harley McDowell appeals from an order entered in an action brought by Nancy Ann McDowell, his former wife, to clari-

assignment.

fy and enforce the decree of divorce entered in an earlier action between the parties. On appeal, he contends that the trial court had no power to render the complained-of order. We agree. Consequently, we vacate the trial court's order of March 29, 1985, and remand the cause. TEX.R.CIV.P. 434.

The controversy in this cause concerns the following language contained in the decree of divorce:

IT IS DECREED that the estate of the parties be divided as follows:

Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title, and interest in and to such property:

The property known as 10417 Mosscrest, Dallas, Texas, and further described as:

Lot 23, Block 8078H, Caribou Estates No. 2, an addition to the City of Dallas, Texas.

Provided, however, that *Respondent shall receive one-half (½) of the net proceeds* upon the sale of the property, which shall occur upon the happening of one of the following: (1) Petitioner's remarriage; (2) *Petitioner's death;* (3) in the event the property is not occupied by Petitioner as his sole residence for a period of time of six months or more; (4) the youngest child reaching the age of eighteen or becoming otherwise emancipated. Said net proceeds being calculated by deducting first any expenses incident to the sale of the property and reimbursement to Petitioner for any and all capital improvements made by Petitioner to the property, and *provided further that in the event of either party's death, the property shall become the sole and separate property of the other party.* [emphasis added]

Nancy McDowell moved the trial court to "aid and clarify and enforce" the divorce decree, alleging that the above-quoted language is ambiguous. She argued that the language is ambiguous because, on the one hand, it divests her of "all right, title, and interest" in the Mosscrest property while, on the other hand, it provides that she is to receive one-half of the net proceeds from the sale of the property (which is to take place upon the occurrence of one of four specified events).

Furthermore, we note that the language also provides that "in the event of either party's death, the property shall become the sole and separate property of the other party." On the other hand, condition number (2) provides that upon David McDowell's death the property shall be sold and one-half of the proceeds shall be distributed to Nancy McDowell. These provisions are in conflict, but this question was neither presented to the trial court nor presented to us.

The trial court granted Nancy McDowell's motion and rendered an order appointing a receiver to sell the Mosscrest property immediately and to divide the proceeds equally between David and Nancy McDowell. David McDowell contends on appeal that the trial court's order did not merely clarify or enforce the original divorce decree but, instead, materially changed the terms of the original decree and that, consequently, the entry of such an order was beyond the trial court's power. We agree.

For the purposes of this appeal we assume, but do not decide, that Nancy McDowell correctly contends that the decree is ambiguous regarding her interest in the Mosscrest property.[2] We conclude, however, that the decree is not ambiguous concerning *when* the property is to be sold: the sale "*shall occur* upon the happening of one of the" four specified events (emphasis added). When the property division provisions of the divorce decree are read as

2. The trial court has the power to enter an order clarifying any ambiguities present in the original divorce decree, TEX.FAM.CODE ANN. § 3.72 (Vernon Supp.1986), and may choose to do so if requested by the parties on remand. The order at issue on this appeal, however, is not a clarification but rather a modification of the terms of the original decree.

a whole, it is clear that, regardless of the nature of Nancy McDowell's interest in the Mosscrest property or the proceeds from the sale thereof, the decree permits David McDowell to live on the Mosscrest property until the occurrence of one of the four specified events. There is no evidence that any of these events has occurred. Accordingly, the trial court's order of sale materially changed the terms of the original divorce decree.

Section 3.71 of the Family Code provides:

(a) Except as provided by this subchapter and by the Texas Rules of Civil Procedure, a court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. Further orders may be entered to enforce the division, but these orders shall be limited to orders in aid of or in clarification of the prior order. The court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed. An order of enforcement does not alter or affect the finality of the decree of divorce or annulment being enforced.

(b) *An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court to enter and is unenforceable.*

(c) The power of the court to enter further orders to aid or clarify the property division is abated during the pendency of any appellate proceeding.

TEX.FAM.CODE ANN. § 3.71 (Vernon Supp.1986) (emphasis added). We hold that the entry of the order of sale was beyond the trial court's power and that the order is unenforceable. *See Harris v. Harris,* 679 S.W.2d 75, 77 (Tex.App.—Dallas 1984, writ dism'd). Accordingly, we vacate the order of the trial court and remand the cause.

Nancy McDowell contends by cross-point that the trial court erred in its award of attorney's fees. Specifically, she contends that the trial court abused its discretion by not awarding an amount sufficient to pay her attorney's fees of this appeal. In view of our disposition of this appeal, we hold that the trial court did not abuse its discretion, and we overrule Nancy McDowell's cross-point.

Order vacated and cause remanded.