**Mattie Susan FOX, Appellant,**

v.

**George E. FOX, Appellee.**

**No. 09 86 044 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 26, 1986.

Rehearing Denied Dec. 18, 1986.

W.C. Lindsey, Port Arthur, Richard G. Lewis, Boneau & Lewis, Port Arthur, for appellant.

Gary M. Angelle, Nederland, Frank M. Lamson, Provost, Umphrey, Swearingen & Eddins, Port Arthur, for appellee.

## OPINION

BURGESS, Justice.

This case involves the construction of a divorce decree. Appellant, Mattie Susan Fox, Petitioner below, and George E. Fox were divorced on January 3, 1985.

Thereafter, a dispute arose as both parties applied to Texaco for the assets of a profit-sharing or stock plan. Mr. Fox applied for the assets of the plan under the following portion of the decree:

Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title and interest in and to such property:

.     .     .     .     .

9. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights relating to the profit-sharing plan, pension plan, retirement plan, or like benefit program existing by reason of Respondent's past, present or future employment.

Ms. Fox applied for the assets under this portion of the decree:

Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title and interest in and to such property:

.     .     .     .     .

4. The Texaco stock.

Subsequently, Ms. Fox filed a lawsuit in which she sought enforcement and clarification of the January 3, 1985 decree and, in the alternative, a judgment nunc pro tunc and a declaratory judgment. Mr. Fox answered and filed a cross-motion for clarification. A hearing was held on both motions and the trial judge ruled that Mr. Fox was entitled to the assets of the plan.

Ms. Fox brings this appeal alleging the trial judge: (1) abused his discretion by not applying the rule of *ejusdem generis* to the facts of the case; (2) abused his discretion by not applying the rules of construction of instruments to the facts of the case; (3) erred because its order in Aid and Clarification of Decree of Divorce violates *TEX. FAM.CODE ANN. sec. 3.71* (Vernon Supp. 1986); and, (4) the evidence was legally and factually insufficient to support the findings and conclusions that the decree's reference to "Texaco Stock" pertained to "Texaco Stock held outside of" Respondent's benefit plans.

From the outset, we note that the trial court found the decree to be a consent

decree. He apparently did so because of the manner the parties' signatures appeared on the document:

APPROVED AS TO FORM:
/s/Mattie Susan Fox
MATTIE SUSAN FOX—Petitioner

LARRY THORNE
Attorney for Petitioner
/s/George E. Fox
GEORGE E. FOX—Respondent

The decree, however, expressly states that *the court* is decreeing a disposition of the property. Nowhere does it state that the court is approving an agreement of the parties. We conclude the decree is not an agreed or consent judgment, and that contract law is, therefore, inapplicable to its construction.

 A judgment is to be construed in the same manner as other written instruments and as written. *Bankers Home Bldg. & Loan Assn. v. Wyatt*, 139 Tex. 173, 162 S.W.2d 694 (1942). Further, if a judgment is unambiguous, it is the duty of the court to declare the effect thereof in light of the literal meaning of the language used. *Lohse v. Cheatham*, 705 S.W.2d 721 (Tex. App.—San Antonio 1986, writ dism'd). We find no ambiguity requiring a need for construction. While a trial court may clarify a decree, he may not modify it. *McGehee v. Epley*, 661 S.W.2d 924 (Tex.1983).

In this instance, the court divested Mr. Fox of "all right, title and interest in and to ... the Texaco stock." This is a clear, unequivocal disposition. This would apply to any and all Texaco Stock which the parties held in their name or which anyone, anywhere held in trust them. From the hearing on the motion to clarify, it is evident that the profit-sharing plan contained assets which consisted of Texaco Stock held in trust for Mr. Fox by Hanover Trust through the Employee Stock Ownership Plan and the Employee's Thrift Plan. While no stock had been issued to Mr. Fox in his name, the interest in each plan was always measured in shares of stock. Mr. Fox was allowed to vote, if he desired, those shares of stock held for his benefit.

We, therefore, hold that the only clarification the trial court could make, under the facts and the law, was to construe the phrase, "the Texaco stock", to include that stock held by Hanover Trust for the benefit of Mr. Fox as determined by his interest in the Employee Stock Ownership Plan and Employee Thrift Plan. Again, the clear effect of the award to appellant was to vest her with all Texaco stock held in either parties' name or for the benefit of either party. Thus, we grant points of error numbers two and four and do not reach points of error numbers one and three. Point of error number five complains of the trial court's failing to award attorney's fees in Petitioner's favor. In light of our disposition, we remand this issue to the trial court.

The judgment of the trial court is reversed and the cause remanded for the trial court to consider the issue of attorney's fees and then to enter a clarification order consistent with this opinion.

REVERSED AND REMANDED.