**Stanley Donald HEAD, Appellant,**

v.

**Delores Sue HEAD, Appellee.**

**No. 09 86 219 CV.**

Court of Appeals of Texas,
Beaumont.

Oct. 8, 1987.

Rehearing Denied Oct. 28, 1987.

Paul Buchanan, Beaumont, for appellant.

Louis Dugas, Jr., Orange, for appellee.

OPINION

BROOKSHIRE, Justice.

A decree of divorce between the parties was signed and entered on July 19, 1979. Ample time expired for that decree to become final. In March, 1986, the Appellee filed a Motion to Clarify Divorce Decree. The Appellee specifically asked the trial court to "clarify" a previously entered divorce decree inasmuch as the Appellant's former employer, being the DuPont Company, had made a determination that the divorce decree entered in 1979 did not qualify as a domestic relations order, resulting in the payment of no money to Appellee.

A hearing was held wherein a very limited amount of evidence was heard. The court heard argument of counsel. Then, the trial judge entered an order granting the substantial relief requested by the Appellee.

In the 1979 decree, in paragraph 6, we find:

"6.  Retirement at DuPont $\frac{5\frac{1}{2} \text{ years}}{\text{years worked}}$ $\times$ $\frac{1}{2}$ $\times$ Retirement Benefit *if, as and when, paid* directly from DuPont to Petitioner." (emphasis ours)

It should be borne in mind that, under the original 1979 divorce decree, as a practical matter and in fact, the Appellee, Delores Sue Head, did not receive anything from the DuPont Company.

After the hearing in 1986, the trial judge ordered that the divorce decree was to be substantially changed—we think drastically rewritten—as follows:

"6.  DELORES SUE HEAD Soc. Sec. No. 432–88–5708 "[sic] (alternate payee) whose mailing address is P.O. Box 1340, Bridge City, Texas 77611, is awarded $\frac{5\frac{1}{2} \text{ years}}{33 \text{ years}}$ $\times$ $\frac{1}{2}$ $\times$ Retirement Benefits or .08 of the payee's benefits per month for the period beginning April 15, 1985, and continuing as long as STANLEY DONALD HEAD, payee, received Retirement Benefits from the Plan, E.I. Dupont Nemours & Company Pension Fund operated by Wilmington Trust Company as Trustee."

The second judgment (or order) was signed and rendered on July 10, 1986.

One of the Appellant's major contentions was that *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983) was the controlling, decisional law of this case and, hence, the Appellee should, and could, not have been awarded any interest in Stanley Donald Head's separate property after the divorce decree of 1979 became final. Appellant argues that the second judgment changes the actual, substantive division of the former community property estate and confiscates Stanley's separate property.

■ At the threshold, we are met with *TEX.FAM.CODE ANN. sec. 3.71* (Vernon Supp.1987). *Section 3.71(b)* provides:

"(b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the pow-er of the divorce court to enter and is unenforceable."

After the original divorce decree became final, the trial court lost authority to modify the judgment except as provided by law. *McGehee v. Epley*, 661 S.W.2d 924 (Tex. 1983). The order of July, 1986, was more than a mere clarification consistent with the prior divorce decree. This is correct because the second order affirmatively imposed an obligation to pay where no such obligation, as a practical matter, existed before. Also, the formula fixing the amount was substantially changed. This change confiscated some of Stanley's separate property, being his wages earned and received after his divorce from Delores. Stanley worked a number of years for DuPont after his divorce from Delores. His after-divorce wages were his sole and separate property, as to Delores.

■ We determine that this case is properly governed by *Berry v. Berry, supra.* The *Berry* case, as a practical matter, certainly modified, if it did not overrule, *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977). The total amount of years of employment by Stanley, with DuPont, amounted to 33 years. Stanley and Delores were married $5\frac{1}{2}$ years. Stanley did not retire until April 30, 1985. He also had served 3 years and 4 months in the United States Army.

His total retirement benefits amounted to just at $1,014. per month, but there were several substantial deductions. His actual take home retirement pay was about $850. to $860. per month.

In *Berry, supra*, the Supreme Court held that pension benefits accruing as compensation for services rendered after a divorce are not a part of the community estate of the prior married parties subject to division on divorce. The Supreme Court also concluded that the employee's interest in such retirement plans is community property, but only up to the date of the divorce, and that the non-pensioned or non-retiring spouse is entitled to only $\frac{1}{2}$ of the value of the retirement benefits as of the date of divorce.

In *Herring v. Blakeley*, 385 S.W.2d 843 (Tex.1965), the Supreme Court wrote, at page 848:

> "We come now to the judgment to be entered in this case. Since there is no evidence of the value of James Herring's interest in the two plans on the date of the divorce, the cause is remanded to the trial court with instructions to ascertain such value and to award to Ellen Davis Herring one-half of the value of James Herring's interest in both plans *as of August 2, 1960, the date of the divorce....*" (emphasis theirs)

We sustain Appellant's second point of error. We reverse the judgment below.

We would like to remand the cause to the trial court for a proper determination of the actual value of the retirement benefits of the Appellant as of the actual date of the divorce and then to calculate the *community interest therein*, as of the date of divorce, and to make an award consistent with that formula in accord with this opinion. *See Berry, supra.*

However, since the court below had lost jurisdiction or power to make this substantial, drastic change in its second order, we must render the case. Query: Is a court of general, plenary jurisdiction the proper one with all necessary and proper parties in court to determine these issues?

We perceive that the *Berry* case, *supra,* had retroactive effect or at least "sunburst" effect. Certainly *Berry* is now in full force and was on the date of the second judgment. We must be governed thereby.

REVERSED AND RENDERED.

DISSENTING OPINION

BURGESS, Justice, dissenting.

I must respectfully dissent. The majority holds that "the trial judge ordered that the divorce decree was to be substantially changed—we think drastically rewrit-

ten...." Once again, a comparison of before and after. The decree of July 19, 1979, in pertinent part:

> Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title, and interest in and to such property:
>
> ....
>
> 6. Retirement at DuPont $\frac{5\frac{1}{2} \text{ years}}{\text{years worked}} \times \frac{1}{2}$ × Retirement Benefit if, as and when, paid directly from DuPont to Petitioner.

The order of July 10, 1986, in pertinent part:

> ORDERED that the Order previously entered in this cause be clarified as follows:
>
> '6. DELORES SUE HEAD Soc. Sec. No. 432–88–5708 (alternate payee) whose mailing address is P.O. Box 1340, Bridge City, Texas 77611, is awarded $\frac{5\frac{1}{2} \text{ years}}{33 \text{ years}} \times \frac{1}{2}$ × Retirement Benefits or .08 of the payee's benefits per month for the period beginning April 15, 1985, and continuing as long as STANLEY DONALD HEAD, payee, received Retirement Benefits from the Plan, E.I. Dupont Nemours & Company Pension Fund operated by Wilmington Trust Company as Trustee.'

This litigation arose solely because the 1979 decree did not meet the requirements of the Retirement Equity Act of 1984. That act, passed by the 98th Congress, exempts qualified domestic relations orders from the Employee Retirement Income Security Act of 1974 (ERISA). To be a qualified domestic relations order, the order must specify: (a) the name and last known mailing address of the participant and the name and mailing address of each alternate payee covered by the order; (b) the amount or percentage of the participant's benefits to be paid by the plan to each alternate payee, or the manner in which such amount or percentage is to be determined; (c) the number of payments or period to which

such order applies; and (d) each plan to which such order applies.[1]

In my estimation, each portion of the 1986 order is a mere clarification of the previous decree. Certainly, the insertion of Mrs. Head's name, social security number and mailing address for the generic "Petitioner" is not what the majority characterizes as a substantial change. The same can be said concerning the name of Mr. Head and the official name of the retirement plan. Therefore, I can only surmise that the majority is really concerned about the insertion of "33 years" for the words "years worked" and the language "for the period beginning April 15, 1985" for "if, as and when."

To be a modification, the addition or the alteration must somehow change the meaning of the language of the 1979 decree. What could have been meant by the 1979 decree other than the *total* number of years worked by Mr. Head from his hiring until his retirement? If the words "years worked" had only meant the number of years worked during the marriage, this figure was certainly ascertainable at the time of the divorce and could have been inserted then. When Mrs. Head asked the trial judge to clarify what was meant, the judge could have inserted only one figure, *i.e.,* the total number of years worked. When Mrs. Head asked the judge to clarify the phrase "if, as and when," he could have inserted only one phrase, *i.e.,* when Mr. Head began to receive the benefits.

I do not quarrel with the majority's conclusion that the clarification order is inconsistent with the holding in *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983). However, at the time the decree was entered, Mr. Head, as did Mr. Berry, certainly had the right to appeal the award of the court. He did not.

The decree became final and should not be subject to a collateral attack.[2]

In summary, the 1986 order did not impose upon Mr. Head any obligation that was not present under the 1979 decree. It did not divest him of any separate property that he was not divested of under the 1979 decree. The 1986 order merely clarified, for the plan administrator, what the trial judge meant in 1979. I would affirm the trial court. Since the majority holds otherwise, I respectfully dissent.

---

1. For an excellent discussion of the 1984 Act, see Comment, *An Interdisciplinary Analysis of the Division of Pension Benefits in Divorce and Post-Judgment Partition Actions: Cures for the Inequities in Berry v. Berry,* 37 BAYLOR L.REV. 107 (1985).

2. Whether Mr. Head is precluded from attacking the decree because it may be of a contractual nature or because he may have availed himself of other portions of the decree is not before this court.