Phyllis Harriet HAWORTH, Appellant,

v.

Howard Wayne HAWORTH, Appellees.

No. A14-89-00895-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 16, 1990.

Jolene Wilson–Glah, Houston, for appellant.

David N. Gray, Imogen S. Papadopoulos, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Phyllis Harriet Haworth appeals from a trial court order finding the original divorce decree's division of pension benefits ambiguous and holding that the formula for division of these benefits should be calculated as of the date of divorce. In three points of error, appellant challenges the trial court's order as an impermissible modification of a divorce decree and as allowing a collateral attack on a final judgment. We reverse.

The divorce decree, entered of record on November 21, 1980, listed property awarded to appellant preceded by the following paragraph:

It is further ORDERED, ADJUDGED AND DECREED by the Court that all right, title and/or interest in the property listed below be and is hereby awarded to Petitioner, PHYLLIS HARRIET HAWORTH, as her sole and separate property and same is hereby freed and cleared of any claims, interest and/or demands of HOWARD WAYNE HAWORTH, except as otherwise may be expressly stated in this Decree:

The fifth item of property awarded to appellant was a portion of appellee's pension benefits. This provision included a division of appellee's retirement benefits in a set amount if appellee retired at or after age 65 and set forth a formula for calculating the amount due appellant each month if appellee retired before age 65.

Appellee retired before age 65 on March 1, 1987 and began receiving benefits on March 24, 1987 in the amount of $3,747.09 per month. Also in March, appellee began sending appellant the sum of $362.47 per month, an amount he allegedly calculated under the formula set forth in the decree. In October, 1987, appellant filed suit for enforcement of the decree and clarification of the method of calculation, claiming that under the formula in the decree, appellant should receive $1,386.16 per month.

Appellee filed a response to appellant's motion and a counter-claim for clarification, contending that another provision in the decree rendered the award of pension benefits to appellant ambiguous. Based on this alleged ambiguity, appellee sought a clarification of the pension benefits formula such that post-divorce increases were not included. Thus, appellee asked the trial court to construe the formula to include the Monthly Pension Amount "calculated as of date of divorce." Following a hearing, the trial court concluded that the decree was ambig-

uous and granted appellee's request for addition of the words "calculated as of date of divorce" to the Monthly Pension Amount variable in the formula.

In her first point of error, appellant claims the trial court erred in refusing to enforce the divorce decree and in allowing a collateral attack on a final judgment. In point of error two, appellant claims the trial court impermissibly modified the original decree in violation of TEX.FAM.CODE ANN. § 3.71. Finally, appellant challenges the trial court's reliance on *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983).

■ Appellant initially argues that the original decree was a consent decree, but the decree contains no statement approving an agreement of the parties. Indeed, the decree states:

> The Court finds that the parties have acquired marital property during this marriage and that it is necessary to make a just and right division of their marital estate having due regard for the rights of each party and the child of the marriage.

Furthermore, the fact that the decree contains the signatures of the parties approving the decree does not render the decree an agreed or consent judgment such that contract law is applicable to its construction. *Fox v. Fox,* 720 S.W.2d 880, 882 (Tex.App.—Beaumont 1986, no writ). Because we find that the original decree was not a consent or agreed judgment, we rely on the rules applicable to the construction of judgments and not contracts. *See id.; Lohse v. Cheatham,* 705 S.W.2d 721, 726 (Tex.App.—San Antonio 1986, writ dism'd).

■ In general, a judgment should be construed in the same manner as other written instruments. *Lohse,* 705 S.W.2d at 726. If taken as a whole, the judgment is unambiguous, the court must declare the effect of the judgment "in light of the literal meaning of the language used." *Id.* If a provision in a judgment is ambiguous, the court may review the record, including the pleadings and inventories, to determine the meaning of that provision. *Id.* (adding that where the judgment is not a consent decree, the court may not look to the intent

of the parties in determining the meaning of an award). Finally, a party does not collaterally attack a judgment by asking the court to interpret vague or ambiguous provisions in a judgment. *See State v. Reagan County Purchasing Co.,* 186 S.W.2d 128, 136 (Tex.Civ.App.—El Paso 1944, writ ref'd w.m.).

■ Appellant contends the trial court erred in finding the original decree ambiguous. In the original decree, the court's award of property to appellee included the following pertinent provisions:

> It is therefore ORDERED, ADJUDGED AND DECREED by the Court that all right, title and/or interest in the property listed below be and is hereby awarded to Petitioner, HOWARD WAYNE HAWORTH, as his sole and separate property and same is hereby freed and cleared of any claims, interest and/or demands of Respondent, PHYLLIS HARRIET HAWORTH, except as otherwise may be expressly stated in the decree:
>
> . . . .
>
> (4) Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, or like benefit existing by reason of Petitioner's past, present or future employment;
>
> . . . .
>
> (7) All right, title and interest in and to the Shell Provident Fund;
>
> (8) All right, title and interest in and to the Shell Employee Stock Ownership Account;
>
> (9) All pension benefits of Shell Development Company, a Divison [sic] of Shell Oil Company;

Pursuant to the introductory paragraph, the award to appellee of interests in employment-related plans and benefits was qualified by the phrase "except as otherwise may be expressly stated in the decree." Thus, the subsequent provision of the decree awarding appellant an interest in appellee's pension benefits qualified the award to appellee of all pension benefits

from his employer, Shell Development Company. The award to appellant provided that, if appellee retired at or after age 65, appellant was to receive the fixed sum of $674.56 per month. If appellee retired prior to reaching age 65, the following formula was applicable:

$$\frac{219 \text{ (months married while Ho-ward Wayne Haworth was employed with Shell)}}{\text{Total number of months of accredited service of Howard Wayne Haworth with Shell}} \times \frac{1}{2} \times \text{Monthly Pension Amount at time of taking same.}$$

The list of property awarded to appellant is also qualified by the statement "except as otherwise may be stated in this Decree." The provision, according to the trial court, that rendered these specific dispositions ambiguous was the general provision awarding appellee:

> Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, or like benefit existing by reason of Petitioner's past, present or future employment;

A similar provision was a claimed source of ambiguity in the divorce decree in *Fox v. Fox*, 720 S.W.2d 880 (Tex.App.—Beaumont 1986, no writ). In *Fox*, the appellee claimed he was awarded the assets of a Texaco stock plan by the following provision:

> Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title and interest in and to such property:
>
> . . . .
>
> 9. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested otherwise, together with all increases thereof, the proceeds therefrom, and any other rights relating to the profit-sharing plan, pension plan, retirement plan, or like benefit program existing by reason of Respondent's past, present or future employment.

The appellant, Ms. Fox, contended the court had awarded the Texaco stock assets to her under the following provision:

> Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title and interest in and to such property:
>
> . . . .
>
> 4. The Texaco stock.

The *Fox* court found no ambiguity created by these two provisions and held that the award to appellant was a "clear, unequivocal disposition." *Id.* at 882. Thus, the court concluded that the trial court erred in construing the decree to award appellee the stock and should have entered a clarification order construing the phrase "the Texaco Stock" to include the stock held in the Employee Stock Ownership Plan and the Employee Thrift Plan. *Id.*

We find the facts and issue presented in *Fox* analogous to the instant case and we conclude that no ambiguity existed in the instant decree. The trial court's award to appellant of a fixed or calculable portion of appellee's pension benefits was a clear and specific disposition qualifying both the provision awarding appellee the pension fund and the general provision awarding appellee the assets in "any profit-sharing plan, or like benefit program existing by reason of [his] past, present or future employment." *See id.* Thus, the trial court erred in refusing to enforce the original decree's clear disposition of pension benefits. We sustain point one.

Furthermore, we disagree with the trial court's reliance on *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983). In its findings of fact and conclusions of law, the trial court concluded that post-divorce increases in appellee's pension benefits arising from post-divorce employment, salary increases, or plan changes were appellee's separate property under *Berry*, and that the trial court was and is without the power to award these increases to appellant, citing *Head v. Head*, 739 S.W.2d 635 (Tex.App.—Beaumont 1987, writ denied). We find *Berry* inapplicable to the instant case.

In *Berry,* the original divorce decree did not dispose of retirement benefits. *Berry,* 647 S.W.2d at 945. In ordering a division of these benefits, the court held that the ex-wife was entitled to a percentage of those benefits to which her ex-husband would have been entitled at the time of divorce. *Id.* at 947. In the instant case, the original divorce decree included a division of appellee's pension benefits whereby appellant was to receive a set sum if appellee retired at or after age 65, or if appellee retired before age 65, appellant was to receive a calculable sum based on a formula. Appellee did not appeal the original decree's disposition of these benefits and the judgment became final in 1980. The *Berry* decision occurred in 1983. Although the trial court's original disposition of pension benefits may be erroneous, in light of the subsequent holding in *Berry,* it is not void. *See Anderson v. Anderson,* 707 S.W.2d 166, 168–69 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (finding *Berry* inapplicable and upholding original decree's disposition to wife of one-half of husband's military retirement benefits "as they are paid to him," and not valued as of date of divorce). We sustain point of error three.

Because we have found the original decree unambiguous, the trial court had no authority to enter an order modifying the original disposition of property. Under § 3.71 of the Family Code, "a court may not amend, modify, alter, or change the division of property made or approved in a decree of divorce or annulment," TEX.FAM. CODE ANN. § 3.71(a) (Vernon Supp.1990), and any such change in the actual, substantive division of property is "beyond the power of the divorce court to enter and is unenforceable." TEX.FAM.CODE ANN. § 3.71(b) (Vernon Supp.1990). Although a "trial court has the power to enter an order clarifying any ambiguities present in the original divorce decree," *McDowell v. McDowell,* 705 S.W.2d 345, 346 n. 2 (Tex. App.—Dallas 1986, no writ), it may not modify or alter an unambiguous division of property in the original decree. *See* TEX. FAM.CODE ANN. § 3.71(b) (Vernon Supp. 1990); *McDowell,* 705 S.W.2d at 347.

In the instant case, the original decree set forth a formula for calculating appellant's interest in appellee's pension benefits if appellee retired before age 65. This formula awarded appellant a percentage of appellee's "Monthly Pension Amount at time of taking same." Because we have found no ambiguity created by this provision, or when read with other provisions in the decree, and because *Berry* is inapplicable to the instant case, we find that the trial court impermissibly modified the original decree's disposition of these benefits by changing the constant "Monthly Pension Amount at time of taking same" to "Monthly Pension Amount at time of taking same *calculated as of date of divorce.*" We sustain point two.

We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.