PATTON CHILDRENS TRUST V. HAMLIN ET AL



NO. 07-05-0329-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL D


FEBRUARY 16, 2007


______________________________



PATTON CHILDREN'S TRUST AND GERALD ULMER, APPELLANTS


V.


BILLIE HAMLIN, ELMER CRISWELL, BRUCE SISK, TONY SOTO, JR.,


STEVE STEFEE, AND GABRIEL RODRIGUEZ, APPELLEES



_________________________________


FROM THE 64TH DISTRICT COURT OF HALE COUNTY;


NO. A32568-301; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


MEMORANDUM OPINION


 This is an appeal brought by the Patton Children's Trust (Trust) and Gerald Ulmer
(Ulmer) from a default judgment granted in favor of Billie Hamlin, Elmer Criswell, Bruce
Sisk, Tony Soto, Jr., Steve Stefee, and Gabriel Rodriguez (Appellees) in a declaratory
judgment proceeding originally filed by Appellees. By letter dated January 5, 2007, this
Court directed the Trust and Ulmer to show cause why this appeal should not be dismissed
for want of jurisdiction. For the reasons that follow, we dismiss this appeal. Tex. R. App.
P. 42.3(a). 

Factual Background

 This case concerns the respective rights of the parties to a 44 acre tract of land in
Hale County, Texas (hereinafter "the property"). Appellees are the owners of land adjacent
to the property. The property consists of railroad property formerly owned by the Floydada
& Plainview Railroad Company (F&PRR). When F&PRR failed to pay taxes on the
property, Ulmer negotiated with F&PRR to pay the taxes in exchange for a deed to the
property. In 2002, F&PRR executed a special warranty deed purporting to transfer the
property to the Patton Children's Trust. For reasons that are not explained in the record,
nor relevant to this decision, that deed was predated to November 1, 1995, and named
Scott Say as Trustee of the Trust. The deed was recorded on August 13, 2002, at Vol. 988,
Img. 3432 of the Official Public Records of Hale County, Texas. The Trust claims title to
the property by virtue of that deed. 

 On January 13, 2003, Appellees brought this suit seeking a declaratory judgment that
the deed was invalid and that Ulmer and the Trust had no justiciable interest in the property. 
Appellees further sought injunctive relief against Ulmer seeking to enjoin him or
representatives of the Trust from exercising any dominion and control over the property. 
Appellees served Ulmer in his individual capacity and Say in his capacity as Trustee of the
Trust. On January 28, 2003, Jeffrey H. Conner filed a response on behalf of Ulmer, and
Say filed a pro se general denial contending he was not the Trustee of the Trust. On March
14, 2003, the trial court entered a temporary injunction enjoining the Trust and Ulmer from
commiting certain acts. Neither party sought an interlocutory appeal of that order, and the
time for doing so elapsed. 

 Thereafter, on April 30, 2003, Conner filed an answer on behalf of the Trust. On
June 29, 2005, Appellees contested that answer by filing a Motion for Attorney to Show
Authority pursuant to Rule 12 of the Texas Rules of Civil Procedure. On August 12, 2005,
the trial court struck the answer filed by Conner on behalf of the Trust. Thereafter, on
August 19, 2005, the trial court entered a default judgment declaring the deed in question
was invalid and the Trust had no justiciable interest in the property. The judgment also
granted a permanent injunction "enjoining the Patton Family Trust its representatives,
agents, employees and beneficiaries from entering or exercising dominion over the
Property." The judgment does not mention Ulmer. The Trust and Ulmer now seek
appellate review of this judgment.

Jurisdictional Question

 At the outset, this Court is obliged to determine, sua sponte, issues affecting our
jurisdiction over an appeal. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677,
678 (Tex. 1990). As a general rule, a judgment must be final before it can be appealed.
Lehmann v. Har-Con Corp. 39 S.W.3d 191, 195 (Tex. 2001). (1) A judgment is not final for
purposes of appeal unless it disposes of all parties and issues. North E. Indep. School Dist.
v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966).

 The judgment at issue in this case is interlocutory because it fails to dispose of the
Appellees' claims against Ulmer. Even though the judgment contains a "Mother Hubbard"
clause (to-wit: "All relief not expressly granted herein is denied."), the Supreme Court has
stated that such language in an order or judgment issued without a full trial cannot be taken
as indicating finality. See Lehmann, 39 S.W.3d at 203-04. The Supreme Court has further
held that a judgment issued without a conventional trial is final for purposes of appeal if and
only if it actually disposes of all claims and parties then before the Court, or it states with
unmistakable clarity that it is a final judgment as to all claims and parties. Id. at 192-93. 
See also Tex. R. Civ. P. 306.

 The trial court's order in this case was entered without a conventional trial. Because
Ulmer had pleadings on file which were not struck by the trial court, a default judgment as
to Ulmer would have been inappropriate. Because the order does not state with
unmistakable clarity that it is a final judgment as to all parties, it is interlocutory.

 In response to this Court's letter, the Trust and Ulmer argue that this Court has
jurisdiction because this is an appeal of a temporary injunction as authorized by § 51.014(4)
of the Texas Civil Practices and Remedies Code. That simply is not the case. The
judgment at issue grants a permanent injunction, not a temporary injunction. Secondly, the
Trust and Ulmer argue that this Court should extend its jurisdiction to encompass issues
pertaining to the declaratory judgment because it has jurisdiction to address the temporary
injunction. As previously stated, the Trust and Ulmer's reliance upon the temporary
injunction as a basis for appeal is inapposite. Thirdly, the Trust and Ulmer ask this Court
to look to the intent of the trial court and to the fact that the judgment in question addresses
all the relief requested by Appellees to determine whether the judgment is final. No amount
of construction of the intent of the trial court or the relief granted by the judgment in question
is going to overcome the fact that the trial court could not enter a default judgment while
Ulmer had pleadings on file.

 Until such time as the claims against Ulmer have been disposed of by severance,
dismissal, or final adjudication, this Court lacks jurisdiction. Accordingly, this appeal is
dismissed for want of jurisdiction.



 Patrick A. Pirtle

 Justice

1. There are statutory exceptions permitting interlocutory appeals. See, e.g. Tex. Civ.
Prac. & Rem. Code Ann. § 51.104 (Vernon Supp. 2006).


onse on Rehearing, we hereby grant
Appellee’s motion for rehearing, withdraw our opinion and judgment dated March 24, 2009,
and issue this opinion in lieu thereof.
          Appellant, Rita Lackey Fillingim (Rita), appeals from a judgment rendered in favor
of Appellee, Willis Dan Fillingim (Dan), declaring certain mineral properties acquired during
their marriage to be his sole and separate property and finding that the Decree of Divorce
entered on June 9, 1981, did not divide or partition that property. By three issues, Rita
asserts the trial court erred (1) in determining that their Decree of Divorce did not preclude
Dan’s suit under the doctrine of res judicata; (2) in finding jurisdiction existed to alter the
original property division; and (3) by declaring that Dan established his separate property
ownership of the mineral rights by clear and convincing evidence. We affirm. 
Background
          Rita and Dan were married in 1970. During their marriage, by four separate
instruments, Dan’s parents deeded certain mineral interests to Dan, as grantee.


 One of
the four deeds recited as consideration “$10.00 cash in hand paid and the love and
affection which we have for our children . . . .” Although the other three deeds did not
contain language indicating that the conveyances were intended to be gifts, Dan contends
that the mineral interests conveyed thereby were his separate property by virtue of being
gifts from his parents. Subsequent to receipt of the deeds, but during their marriage, Rita
and Dan jointly executed oil and gas leases pertaining to the properties and, on one
occasion, they executed a warranty deed conveying an interest in mineral rights to a third
party.
          In 1981, Rita filed for divorce. It is undisputed that Dan was properly cited in
connection with the proceedings; however, during the pendency of the divorce, he did not
hire an attorney to represent him, nor did he personally appear or offer any evidence at the
final hearing. On June 9, 1981, the trial court entered a Decree of Divorce that provided,
in pertinent part, as follows:
IT IS DECREED that the estate of the parties be divided as follows:
Petitioner [Rita] is awarded the following as petitioner’s sole and separate
property, and respondent is hereby divested of all right, title, and interest in
and to such property: All property listed in Schedule A attached hereto and
made a part hereof by reference.
 
Respondent [Dan] is awarded the following as respondent’s sole and
separate property and petitioner is hereby divested of all right, title, and
interest in and to such property: All property listed in Schedule B attached. 
 
          Although Schedules A and B described certain real and personal property, there
was no mention of the mineral interests the subject of this dispute.


 Each schedule did,
however, contain a residuary clause awarding each spouse “a one-half interest in all other
property or assets not otherwise disposed of or divided herein.” 
          On April 28, 2006, Dan filed two proceedings seeking to clarify his ownership of the
mineral interests transferred by the deeds from his parents. Under the cause number of
his original divorce proceeding, cause number 4330, Dan filed a Petition for Clarifying
Order, wherein he sought to invoke the jurisdiction of the divorce court to “clarify” the 1981
divorce decree. In cause number 6397, filed in the same district court, Dan also sought
a declaratory judgment pertaining to his ownership interests. On June 14, 2006, the two
proceedings were consolidated and on July 26, 2006, Dan filed his First Amended Original
Petition requesting that the trial court grant, or declare, him the sole owner of the mineral
interests deeded to him during marriage. Dan asserted that because the mineral interests
in question were his sole and separate property at the time of his divorce, the divorce court
could not, as a matter of law, partition said interests. 
          On January 22, 2008, the trial court tried Dan’s suit. In addition to admitting the
aforementioned deeds into evidence, the trial court heard testimony from Dan and Rita. 
Dan testified that, when he was in his teens, his father told him numerous times that he
was going to help him with gifts of land and mineral rights. He testified that he never paid
any consideration for the properties and believed the conveyances in question were the
gifts his father had spoken of years before. 
          Rita testified that her only conversations with Dan’s parents regarding the
conveyances occurred when the deeds were originally given to them. Rita further testified
that each time they received a deed, she and Dan were required to sign an oil and gas
lease. She testified that Dan’s parents indicated they were giving the deeds to them both
as a married couple. She denied having any conversation with Dan regarding the mineral
interests following their divorce. 
          After hearing the testimony and reviewing the various conveyances, the trial court
determined Dan’s parents executed the deeds intending gifts. As such, the trial court
found that the mineral interests were Dan’s sole and separate property. The trial court also
found that the divorce decree did not divide or partition the separate property of the parties. 
Based upon those findings, the trial court entered judgment and Rita appealed.  Discussion - Issue Three
          For purposes of logical discussion, we will first address Rita’s third issue wherein
she contends that the evidence offered by Dan at trial failed to establish the separate
property character of the mineral interest conveyed by three of the four deeds in dispute. 
           In the proceedings below, it was Dan’s contention that the mineral interests in
question were his separate property because they had been acquired by gift from his
parents. See Tex. Fam. Code Ann. § 3.001(2) (Vernon 2006). The degree of proof
necessary to establish that property is separate property is clear and convincing evidence. 
 Id. at § 3.003(b) (Vernon 2006). “Clear and convincing evidence” is that measure or
degree of proof that will produce in the mind of the trier of fact a firm belief or conviction
as to the truth of the allegations sought to be established. Id. at § 101.007 (Vernon 2008);
In re J.F.C. 96 S.W.3d 256, 264 (Tex. 2002). Rita contends that because the first deed
contained “gift language,” the absence of similar language in the remaining three deeds
is some evidence that the grantees did not intend to make a gift by those deeds. 
          To give appropriate deference to the factfinder’s conclusions and the role of this
Court in conducting a sufficiency review, we assume that the factfinder resolved disputed
facts in favor of its finding if a reasonable factfinder could do so. 96 S.W.3d at 266. A
corollary to this requirement is that we also disregard all evidence that a reasonable
factfinder could have disbelieved or found to be incredible. Id. Based upon this analysis,
we are persuaded that the trial court’s finding of separate property is such that a
reasonable trier of fact could have formed a firm belief or conviction that its finding was
true. Issue three is overruled.
 

Discussion - Issues One and Two
          Having concluded that the trial court’s finding of separate property does not
constitute reversible error, we proceed to consider issues one and two. By issues one and
two, Rita contends that Dan’s claims are barred by the doctrine of res judicata and by the
fact that the trial court lacked jurisdiction to alter the prior divorce decree. 
          A court that renders a divorce decree generally retains continuing subject-matter
jurisdiction to clarify and to enforce the decree’s property division. Tex. Fam. Code Ann.
§§ 9.002, 9.008 (Vernon 2006).


 Specifically, the court has continuing jurisdiction to 
“render further orders to enforce the division of property made in the decree of divorce . . .
to assist in the implementation of or to clarify the prior order.” § 9.006(a).


 
          There are limitations, however, on the enforcement and clarification powers of the
court that rendered the divorce decree. For example, “[t]he court may specify more
precisely the manner of effecting the property division previously made if the substantive
division of property is not altered or changed. § 9.006(b) (emphasis added). More
specifically, the Family Code provides, in pertinent part, as follows:
(a) A court may not amend, modify, alter, or change the division of property
made or approved in the decree of divorce or annulment. An order to
enforce the division is limited to an order to assist in the implementation of
or to clarify the prior order and may not alter or change the substantive
division of property.
 
(b) An order under this section that amends, modifies, alters or changes the
actual substantive division of divorce or annulment is beyond the power of
the divorce court and is unenforceable.
 
§ 9.007 (a)-(b) (emphasis added). See Shanks v. Treadway, 110 S.W.3d 444, 449 (Tex.
2003).
          Section 9.007 is jurisdictional and orders violating its restrictions are void. Gainous
v. Gainous, 219 S.W.3d 97, 107-08 (Tex.App.–Houston [1st Dist.] 2006, pet. denied). 
Thus, where one party seeks to claim a share of an asset that has already been divided
in the divorce decree, the claim is barred. Brown v. Brown, 236 S.W.3d 343, 349
(Tex.App.–Houston [1st Dist.] 2007, no pet.).


 
          As such, a clarifying order cannot be used to make a substantive change in the
decree’s property division even if the decree contains a substantive legal error. Brown, 
236 S.W.3d at 349. Clarification also requires a finding, express or implied, that the
original form of the division of property lacks sufficient specificity to be enforced by
contempt. § 9.008(b). If a divorce decree is unambiguous, the court has no authority to
alter or modify the original disposition of the property. Haworth v. Haworth, 795 S.W.2d
296, 300 (Tex.App.–Houston [14th Dist.] 1990, no writ]. Here, the trial court made no
finding, express or implied, that the divorce decree was ambiguous or needed clarification.
           Therefore, the critical determining factor here is whether the mineral rights conveyed
to Dan during the marriage were divided by the original divorce decree. Jacobs v. Cude,
641 S.W.2d 258, 260 (Tex.App.–Houston [14th Dist.] 1982, writ ref’d n.r.e.). Rita contends
that because all property acquired during marriage is presumed to be community property, 
and because Dan did not rebut the community property presumption at the time of divorce, 
then the mineral interests in question were community property. Rita further contends that
even though those interests were not specifically listed in the property schedules
incorporated in the divorce decree, the interests were encompassed within the terms of the
residuary clause contained within those schedules. By contrast, Dan contends that the
plain language of the decree’s “division clause” limits the scope of the residuary clause to
the “estate of the parties,” and because the phrase “estate of the parties” is limited to the
community property of the marital estate and does not include separate property, the
residuary clause did not operate as to award Rita an interest in the minerals. Simply
restated, Rita contends that the decree already divided the mineral interests, whereas Dan
contends that the decree did not divide the mineral interests because they have always
been his separate property.
          When interpreting a divorce decree, courts apply the general rules regarding
construction of judgments. Shanks, 110 S.W.3d at 447. Judgments are construed as a
whole to harmonize and give effect to the entire decree. Gainous, 219 S.W.3d at 110. If
the decree is unambiguous as to the property’s disposition, we must effectuate the order
in light of the literal language used. Shanks, 110 S.W.3d at 447. If the decree is
ambiguous, we should review the record along with the decree to aid in interpreting the
judgment. Id. Whether a divorce decree is ambiguous is a question of law. Id.



          The plain and unambiguous language of the “division clause” confines the
application of the residuary clause to the “estate of the parties.” The term “estate of the
parties” means the community estate of the parties and does not encompass the separate
property of the parties. Cameron v. Cameron, 641 S.W.2d 210, 214-15 (Tex. 1982);
Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139 (Tex. 1977). Because a decree of
divorce using the term “estate of the parties” makes a division of the community estate
only, we find the residuary clause at issue did not encompass any separate property
owned by the parties. Therefore, in the final analysis, it comes down to this: Did the trial
court, at the time of divorce, intend to award Rita an interest in any undisclosed separate
property belonging to Dan? Based upon the foregoing construction, we find that the trial
court did not. Accordingly, issues one and two are overruled.
                                                          Conclusion
          We affirm the judgment of the trial court. 


                                                                           Patrick A. Pirtle

                                                                                 Justice