Benny W. McGEHEE, Petitioner,

v.

Mary McGehee EPLEY, Respondent.

No. C–2351.

Supreme Court of Texas.

Oct. 19, 1983.

Rehearing Denied Nov. 23, 1983.

Stewart, Hemmi & Pennypacker, Kirk Patterson, San Antonio, for petitioner.

Hattie E. Briscoe, San Antonio, for respondent.

## PER CURIAM.

Benny W. McGehee appeals from an order partitioning the civil service retirement benefits of his former wife, Mary McGehee Epley, and clarifying an award to her of a portion of his military retirement benefits in a prior divorce decree rendered in 1973 by the 131st District Court of Bexar County. McGehee instituted this lawsuit in the 73rd District Court of Bexar County seeking partition of Epley's civil service benefits. These benefits were not partitioned in the 1973 divorce. Epley filed a cross-action in the 73rd District Court asking the court to render an order clarifying that portion of the 1973 divorce decree which awarded her "one-half (½) of all retirement benefits due and owing respondent, Benny McGehee, for his services in the United States Air Force." The trial court awarded the relief sought.

The court of appeals held that the trial court had erred in its calculation of McGehee's interest in Epley's civil service benefits and reversed and rendered on this point. It affirmed the judgment of the trial court with respect to the clarification order. 655 S.W.2d 305 (Tex.App.1983).

On application for writ of error to this Court, McGehee urges that the court of appeals erred in holding that the trial court had jurisdiction to enter an order modifying a final judgment from another district court. We agree.

■ The divorce decree rendered by the 131st District Court became final in 1973. At that time the court lost authority to modify the judgment, except as provided for by law. TEX.R.CIV.P. 329b. The court of appeals held that the 73rd District Court was not precluded from entering the clarification order by this rule, however, reasoning that the order rendered was not one which modified the judgment but was an order which did nothing more than provide for enforcement of the decree previously entered, and was therefore permissible. This was error.

■ The order rendered by the 73rd District Court was, as a matter of law, more than a mere clarification consistent with the prior judgment. It affirmatively imposed an obligation to pay where no such obligation previously existed. Further, the

order required McGehee to pay Epley one-half of his *gross* retirement check, whereas the original decree arguably required payment of only one-half of his *net* retirement benefits. These are clearly substantive changes in the decree and therefore could not be made after the trial court's judgment became final. TEX.R.CIV.P. 329b(g).

The clarification order issued by the 73rd District Court attempted to modify a final judgment rendered by another district court. Since the 131st District Court had no power to modify its own judgment after it became final, it must follow that the 73rd District Court could not confer jurisdiction upon itself to do that which the 131st District Court could not do.

We therefore grant McGehee's application and, without hearing oral argument, reverse that portion of the court of appeals' judgment which affirms the trial court's purported modification of the 1973 divorce decree rendered by the 131st District Court. TEX.R.CIV.P. 483. The remainder of the court of appeals' judgment is affirmed.