NUMBER 13-99-429-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CECELIA ANN WRIGHT
, Appellant,


v.



TROY DON ECKHARDT
, Appellee.

___________________________________________________________________


On appeal from the 28th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 Cecilia Ann Wright and Troy Don Eckhardt were divorced in 1994. 
The divorce decree awarded Wright one-half of Eckhardt's employment
retirement benefits, including those benefits derived from Eckhardt's
service in the United States Navy. Eckhardt's military retirement benefits
were the subject of two subsequent clarification orders, the latter of
which is the subject of this appeal. We reverse and render.

Factual and Procedural Background


 The original divorce decree entered on March 3, 1994, awards
Wright one-half of all of Eckhardt's employment retirement benefits,
including his military retirement pay. The decree provides as follows:

 Cecilia Ann Eckhardt(1) is awarded the following
property, and Troy Don Eckhardt is divested of all right, title
and interest in and to such property:


 . . .


 6. One-half (1/2) of all IRAs, employment retirement
benefits, pension plans, and the like accumulated
during the employment of Troy Don Eckhardt
during the time the parties were married,
including the following as it is related to U.S.
Navy retirement pay:


 The Court finds, in accordance with the Uniformed
Services Former Spouses' Protection Act, 10 U.S.C. 1408, as
follows:


 a. Cecilia Ann Eckhardt is awarded one half (1/2) of
Troy Don Eckhardt's military retirement pay
accumulated with the U.S. Navy from the time of
the marriage on February 17, 1983 until
December 10, 1993.

 

 . . .


 g. Troy Don Eckhardt is on active duty with the U. S.
Navy at the time this case is tried.


 h. The award of retirement pay made to Cecilia Ann
Eckhardt in this decree is made in compliance
with the Uniform Services Former Spouses'
Protection Act.


 . . .


 IT IS FURTHER ORDERED AND DECREED that the
Secretary of the U.S. Navy or his designated agent shall pay
to Cecilia Ann Wright directly, each month, Cecilia Ann
Wright's interest awarded in this decree . . . on a monthly
basis if, as, and when that retirement pay is due to be paid,
such payments to begin when Troy Don Eckhardt's name is
officially added to the Navy retirement list.


The Defense Finance and Accounting Service subsequently notified
Wright that it would be unable to make payments to her pursuant to
this decree because the decree did not include a formula for calculating
Wright's percentage of Eckhardt's benefits. Consequently, Wright filed
a motion for clarification of the decree. 

 The court granted Wright's motion for clarification on August 20,
1998. The court found that the original division of property was not
specific enough to effect a division of Eckhardt's military retirement pay,
and to allow the Defense Finance and Accounting Service to make a
determination of what portion of Eckhardt's retirement pay should be
given to Wright. The clarifying order provides a formula for calculating
Wright's portion of Eckhardt's retirement pay. This order specifically
provides that it does not affect the language in the original divorce
decree regarding when payments are to begin--"on a monthly basis if,
as, and when that retirement pay is due to be paid, such payments to
begin when Troy Don Eckhardt's name is officially added to the Navy
retirement list."

 On September 30, 1997, Eckhardt left active duty status and
became a member of the Fleet Reserve, where he was subject to recall
by the Navy for a period of ten years. As a member of the Fleet Reserve,
Eckhardt received retainer pay in an amount equal to his future
retirement pay. The Defense Finance and Accounting Service
determined that Wright was entitled to receive one-half of Eckhardt's
retainer pay as part of Eckhardt's retirement pay, and began making
payments to Wright despite the fact that Eckhardt's name had not yet
been added to the "official" Navy retirement list. 

 Eckhardt subsequently filed a motion for clarification of the divorce
decree contesting the payments to Wright, and arguing that Wright
would not be entitled to receive her share of his retirement benefits until
October 1, 2007, when his name would be added to the "official" Navy
retirement list. 

 After an evidentiary hearing, the trial court entered a second
clarification order on June 3, 1999. This order provides that the date
that Troy Don Eckhardt's name will be officially added to the Navy
retirement list is October 1, 2007. The order further provides that
Wright had received payments to which she was not entitled, thus the
order postpones the date on which her benefits were to begin in order
to compensate for monies previously received.

 Wright attacks this clarification order in three issues. Wright first
contends that the trial court erred in finding that the divorce decree was
not specific enough to be enforceable by contempt. In her second
issue, Wright argues that the trial court erred as a matter of law by
entering an order that substantively modified provisions for the division
of community property. In her final issue, Wright argues that the trial
court did not have jurisdiction to enter the clarifying order, and that the
order was barred by res judicata.

Applicable Law


 A trial court lacks the authority to change the property division in
a final divorce decree. McGehee v. Epley, 661 S.W.2d 924, 926 (Tex.
1983). A court may not amend, modify, alter, or change the division of
property made or approved in the decree of divorce. Tex. Fam. Code
Ann. §9.007(a) (Vernon 1998). An order that alters the substantive
division of property in a final divorce decree is "beyond the power of the
divorce court and is unenforceable." Tex. Fam. Code Ann. §9.007(b). 
However, the Texas Family Code provides at least two circumstances
in which the trial court may issue orders clarifying the decree. 

 Under section 9.006 of the Texas Family Code, the court may
render "further orders to enforce the division of property made in the
decree of divorce . . . to assist in the implementation of or to clarify the
prior order." Tex. Fam. Code Ann. §9.006(a) (Vernon 1998). The court
may specify more precisely the manner of effecting the property division
previously made if the substantive division of property is not altered or
changed. Id. at §9.006(b). The trial court may also clarify the decree on
a finding by the court that the original form of the division of property
is not specific enough to be enforceable by contempt. Tex. Fam. Code
Ann. §9.008(b) (Vernon 1998).

 A proper clarification order is consistent with the prior judgment
and "merely enforces by appropriate order the controlling settlement
agreement." Young v. Young, 810 S.W.2d 850, 851 (Tex.App.--Dallas
1991, writ denied). If the decree is ambiguous, the trial court may make
clarifications, but it lacks the authority to change the property division. 
McGehee, 661 S.W.2d at 926. 

 Whether the decree is ambiguous and in need of clarification is a
question of law that we review de novo. Radx Corp. v. Demy, 658
S.W.2d 298, 301 (Tex.App.--Houston [1st Dist.] 1983, no writ); see Nat'l
Union Fire Ins. v. CBI Indus., Inc., 970 S.W.2d 517, 520 (Tex.
1995)(whether a contract is ambiguous is a question of law for the
court to decide). We determine the legal force and meaning of a marital
property settlement agreement as we would any contract. See
McGoodwin v. McGoodwin, 671 S.W.2d 880, 882 (Tex. 1984). The
determination of whether a contract is ambiguous is made by looking
at the contract as a whole in light of the circumstances present when
the parties entered the agreement. Nat'l Union, 907 S.W.2d at 520. If
the written agreement is worded so that it can be given a certain or
definite legal meaning or interpretation, then it is not ambiguous, and
the court will construe the contract as a matter of law. Id.; Coker v.
Coker, 650 S.W.2d 391, 393 (Tex. 1983).

Analysis


 In her first issue, Wright alleges that the trial court erred by finding
that the divorce decree's division of property was not specific enough
to be enforceable by contempt. We disagree with Wright that the trial
court made such an implied finding, and we do not agree that such a
finding is required under section 9.006 of the Texas Family Code. 
Compare Tex. Fam. Code Ann. §9.006 (court may enter enforcement or
clarification orders regarding property division) with Tex. Fam. Code
§9.008 (court may enter clarification order on finding that the original
division of property is not specific enough to be enforceable by
contempt). We overrule Wright's first issue.

 In Wright's second issue, she argues that the trial court erred by
entering an order that modified the substantive division of property in
the original decree. We agree. After reviewing the record and
applicable law, we conclude that Wright was entitled to begin receiving
her portion of Eckhardt's retirement benefits when he left active duty
status. 

 The language of the original divorce decree encompasses retainer
pay by broadly awarding Wright one half of "all IRAs, employment
retirement benefits, pension plans, and the like," including Eckhardt's
"military retirement pay."

 The record shows that the Department of Finance and Accounting
Service made the determination that retainer pay was part of Eckhardt's
retirement pay, and thus began making payments to Wright. Ronald
Lee Gates, Lieutenant Commander of the United States Navy, testified
that when an individual goes on Fleet Reserve, they are no longer on
active duty, and are not "technically" retired, but that the distinction
was a matter of semantics. Gates testified that "For all but perhaps
specialists, the term retirement and fleet reserve is synonymous," and
that "96 percent of the United States Navy would classify transferring
to the fleet reserve as being retired." Gates confirmed that the amount
of retainer pay and the amount of retirement pay is the same. 

 The original divorce decree expressly stated that the award to
Wright was made in "accordance" and "compliance" with the Uniform
Services Former Spouses' Protection Act, which specifically provides
that "retired pay" includes retainer pay. See 10 U.S.C. §1408(a)(7)
(1988); Sutherland v. Cobern, 843 S.W.2d 127, 130 n. 5 (Tex. App.--Texarkana 1992, writ denied)(retainer pay is included in the term retired
pay). At the hearing on the motion for clarification, Eckhardt stipulated
that retainer pay and retirement pay are identical under federal law. 

 Given the foregoing, we conclude that Wright was entitled to one-half of Eckhardt's retainer pay under the original divorce decree. 
Nevertheless, Eckhardt argues that, under the original divorce decree
and initial clarifying order, Wright is not entitled to receive any of his
military retirement benefits until his name has been added to the official
Navy retirement list. In this regard, Eckhardt specifically testified that
his name had not yet been added to the official Navy retirement list. 

 We disagree with Eckhardt's interpretation of the divorce decree. 
The phrase providing for the inception of payments when Eckhardt's
name is added to the Navy retirement list is in apparent conflict with
other provisions in the decree governing payments to Wright and 
provisions governing the substantive division of property. Where
provisions in the decree appear to conflict, they should be harmonized
if possible to reflect the intentions of the parties. Ogden v. Dickinson
State Bank, 662 S.W.2d 330, 332 (Tex. 1983). Furthermore, no single
provision taken alone will be given controlling effect; rather, all
provisions must be considered with reference to the whole instrument. 
Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). 

 Eckhardt's referenced language must be construed with other
language in the decree regarding when Wright's benefits were to be
paid. Ogden, 662 S.W.2d at 332. The phrase in its entirety provides
that payments are to be made "on a monthly basis, if, as, and when
that retirement pay is due to be paid, such payments to begin when
Troy Don Eckhardt's name is officially added to the Navy retirement
list." The use of the phrase "if, as, and when" contemplates that
benefits are to be owed to Wright when Eckhardt receives benefits. See
Baxter v. Ruddle, 794 S.W.2d 761, 763 (Tex. 1990); Hurley v. Hurley,
960 S.W.2d 287, 289 (Tex.App.--Houston [1st Dist.] 1997, no writ). 
Moreover, the decree provides that:

 IT IS FURTHER ORDERED AND DECREED that . . . Troy Don
Eckhardt is ORDERED to pay to Cecilia Ann Wright Cecilia
Ann Wright's interest in that pay each month as it is
received by Troy Don Eckhardt and in no event later than the
5th day of each month in which Troy Don Eckhardt receives
that retirement pay, beginning the 5th day of the first month
in which the retirement pay is paid . . . This paragraph
applies only to the extent that the Secretary of the U.S. Navy
or his designee fails to pay directly to Cecilia Ann Wright the
monthly entitlement as awarded in this decree, or any
portion of that monthly entitlement. 


(emphasis added). This language further indicates that benefits are
owed to Wright as they are received by Eckhardt.

 Although Gates stated that he would interpret the phrase "when
Troy Don Eckhardt's name is added to the [N]avy retirement list" to
mean that Wright's entitlement to his benefits would not inure until
2007, we note that Gates was examining this phrase in isolation, and
that Gates further stated that he would defer to the Defense Finance
and Accounting Service's determination regarding Wright's entitlement
to Eckhardt's retirement benefits.

 Construing the decree in its entirety, we conclude that Wright is
entitled to receive her share of Eckhardt's retainer pay as it is received
by Eckhardt. The phrase "when Troy Don Eckhardt's name is officially
added to the Navy retirement list" is not rendered meaningless by this
interpretation, but rather applies specifically to those retirement benefits
that Eckhardt will receive when his name is added to the retirement list. 
To construe the decree as Eckhardt suggests would give a single
provision of the decree controlling effect. See Coker, 650 S.W.2d at
393.

 We conclude that the original divorce decree, while unambiguous
on its face, contained a latent ambiguity because it provided for
inconsistent inception dates for Wright's payments. The decree
awarded Wright one-half of Eckhardt's retainer pay, yet failed to provide
for the payment of retainer pay, which would necessarily accrue before
Eckhardt's name was added to the official Navy retirement list. Nat'l
Union, 907 S.W.2d at 520; see also Friendswood Dev. Co. v. McDade,
926 S.W.2d 280 (Tex. 1996). The trial court was thus authorized to
enter a clarification order under section 9.006 of the Texas Family Code. 
See Tex. Fam. Code §9.006(a). 

 However, we agree with Wright that the clarifying order entered
on June 3, 1999, impermissibly changes the substantive division of
property made in the divorce decree. Wright was originally awarded
one-half of Eckhardt's military retirement pay. The clarification order
divests Wright of her share of Eckhardt's retainer pay, which is part of
Eckhardt's retirement pay. The order is thus beyond the power of the
trial court, and is unenforceable. See Tex. Fam. Code Ann. §9.07(b). 

 We sustain Wright's second issue. Because we have sustained
this issue, we need not address her third issue. See Tex. R. App. P.
47.1. We reverse the trial court's order of June 3, 1999 which
attempted to clarify the original divorce decree, and render judgment
that all relief sought by Eckhardt in his motion to clarify is hereby
denied. 

 The judgment is reversed and rendered.




 ROBERT J. SEERDEN, Chief Justice


Publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 9th day of November, 2000.

 

1. The divorce decree provides that Cecilia Ann Eckhardt's name will
change to Cecilia Ann Wright; however, the decree uses the names
interchangeably.