NUMBER
13-01-659-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTI -
EDINBURG

 

ROBERT C. MINER, JR.,                                                               
 Appellant,

 

                                                   v.

 

 MARY MINER,                                                                      Appellee.

 

                        On appeal from the
148th District Court   

                                  of Nueces
County, Texas.

 

                                   O P I N I O N

 

       Before Chief Justice Valdez and Justices Dorsey  and Rodriguez

                              Opinion
by Chief Justice Valdez

 








Appellant, Robert Miner, Jr., appeals from the district court=s clarification
and enforcement of a divorce award of shared profits from a software
program.  Mr. Miner argues through two
issues that the court lacked jurisdiction to make substantive changes to the
final decree of divorce.  We affirm.

Robert Miner, Jr., and Mary Miner were married for twenty-six
years preceding their divorce in October of 1996.  The marital estate was divided between Mr.
and Mrs. Miner in the final decree.  Regarding
E-file, a program developed by Mr. Miner, Ms. Miner was awarded a A20% net profits
interest in E-File, Gas Measurement and Gauging Program, or if such asset is
sold, 20% of net profit of sale.@  Ms. Miner filed suit seeking to hold Mr.
Miner in contempt for failure to make any distributions from E-file.  At the motion to enforce, Mr. Miner stated he
had changed the system from its original format and argued that those changes
were Athe same as a
Model T becoming a Suburban.@  

The trial court found that certain terms of the prior order
were not specific enough to warrant contempt. 
The court, in the Order on Motion for Enforcement and Order Clarifying
Prior Order, clarified Ms. Miner=s award with
the following excerpt:

a 20 percent
net profit ownership in the E-File software program and its successors,
including but not limited to [sic] 1099 Express or any other name for 1099
software programs.   The Anet profit@ will be
computed as follows: The gross sales receipts less those expenses normally and
ordinarily allowed as deductions by the Internal Revenue Services equals the
net profit.  MARY MINER will have a right
to be paid 20 percent of the net profit on a semi-annual basis.  MARY MINER will further have the right to audit
any books and records of accounts reflecting income or expenses for such software
sales and services.  MARY MINER is also
awarded 20 percent of the proceeds of sale of the software if, as, when it may
be sold.

 

This
appeal ensues from that clarification order.

 

 

 








Jurisdiction

Mr. Miner argues through two issues that the trial court
exceeded its statutory authority when it made substantive changes to the final
decree of divorce after it had lost jurisdiction to do so.[1]

After a judgment has become final and the trial court has lost
its plenary power, the trial judge has only limited specific authority to
change the judgment in any way.  Tex. R. Civ. P. 329b.  The court may not alter the division of
property in a divorce decree except as provided in the rules of procedure and
the enforcement subchapter of the family code. 
Tex. Fam. Code Ann. '' 9.006-9.012
(Vernon 1998 & Supp. 2002).  If a
court finds that the original form of the division of property is ambiguous or
not specific enough to be enforceable by contempt, the court may enter a
clarifying order to enforce compliance with the way the property was originally
divided.  Tex. Fam. Code Ann. ' 9.008 (Vernon
Supp. 2002).  Whether the trial court=s order is a
clarification or an improper modification is a question of law subject to de
novo review.  See Tyler v. Tyler,
742 S.W.2d 740, 743 (Tex. App.BHouston [14th
Dist.] 1987, writ denied).  

Mr. Miner characterizes the clarification order as an improper
modification.  We find that the order
does not impose an obligation where no such obligation previously existed.  See McGehee v. Epley, 661 S.W.2d 924,
925-26 (Tex. 1983).  Mr. Miner acquired
no new liabilities.  Rather, the order
clarified ambiguities as to how net profits were to be computed and as to what
programs were included in the final decree=s reference to
E-file. 

 








 

More specifically, Mr. Miner requested that his salary be
included in the computation of net profits. 
The trial court declined to do so, recognizing that the proceeds from
E-File had already been distributed on a A20 - 80 percent
split.@  The clarification order stated that net
profits will be computed by taking Agross sales
receipts less those expenses normally and ordinarily allowed as deductions by
the Internal Revenue Services.@  As for what programs were included in the
final decree=s reference to
E-file the court ordered that Mrs. Miner was awarded a A20% net profit
ownership in E-File software program and its successors, including but not
limited to [sic] 1099 Express or any other name for 1099 software programs.@  

Accordingly, we hold that the clarification order did not alter
the twenty percent originally awarded to Ms. Miner, nor the eighty percent
awarded to Mr. Miner in the Final Decree of Divorce.  The trial court did not change the respective
liabilities or duties of the parties.  See
McLaurin v. McLaurin, 968 S.W.2d 947, 950 (Tex. App.BTexarkana 1998,
no pet.).  This order merely clarified
how net profits were to be computed with regards to E-file.  

As for appellant=s contention
that inclusion of successive versions of E-File was improper, we find the
holding in Rodrigue v. Rodrigue, 218 F.3d 432, 442-43 (5th Cir. 2000), cert.
denied, 532 U.S. 907 (2001), to be informative on the issue of whether Ms.
Miner maintains economic rights from Mr. Miner=s derivative works.  








In that case, Mr. Rodrigue became a widely acclaimed and highly
successful painter.  He created numerous
paintings both during the marriage and after, a number of which depicted a
stylized and easily recognizable image of a blue dog.  Notwithstanding the extensive analysis in Rodrigue
concerning pre-emption between federal copyright law and Louisiana community
property law, the Fifth Circuit Court of Appeals held that Ms. Rodrigue did own
economic rights with respect to copyrights at issue and Afrom any
derivatives thereof.@  Id. at 442-43  

In the present case, when Mr. Miner was asked, in comparison of
the two programs, whether Athe seed is
there@ and it had Ato be cultivated,@ he answered in
the affirmative.  Notwithstanding the
name change of the program, Mr. Miner admitted that both E-file and the Anew@ program
printed out 1099s.  The record also shows
that initially Mr. Miner testified that E-file and the subsequent 1099 Express
were the same and there was no difference between the two  programs. Upon further questioning, however,
he contended there were Anumerous@ differences as
to format, such as changing from DOS to windows, and the name change.  

In light of this evidence, we hold the trial court did not err
in allowing reference to E-File to include successive versions.  See Id. at 443-44.  As such, we find no error in the trial court=s order
clarifying the distribution of community property.  

Accordingly, we hold the clarification order was not an
improper modification.  We hold it was
issued to correct ambiguities found in the original final decree and enabled
the terms of the original division of property to be enforced.  See McGehee, 661 S.W.2d at 925-26; see
also Tex. Fam. Code Ann. ' 9.008 (Vernon
Supp. 2002) (Aon a finding by
the court that the original form of the division of property is not specific
enough to be enforceable by contempt, the court may render a clarifying order
setting forth specific terms to enforce compliance with the original division
of property@). 

Appellant=s two issues
challenging the clarification order are overruled.








We affirm the trial court=s clarification
order.  

 

                                          

ROGELIO VALDEZ

Chief Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 8th day of August, 2002.











[1] Both of
appellant=s issues
challenge whether the trial court=s clarification order was an improper
modification.  The second issue focuses
on the order=s
reference to E-File.