NUMBER
13-04-071-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

SU ANNE OCKER,                                                                            Appellant,

                                                             v.

JIMMY LEE ELLIS,                                                                            Appellee.

 

 

                      On appeal from the 36th
District Court

                                        of
Aransas County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

Appellant, Su Ann Ocker, contests the trial court=s determination that a 1979 divorce decree granting
her a division of appellee=s retirement benefits did not include disability
pay.  She also appeals her denial of
attorney=s fees and court costs.  See Tex.
R. Civ. P. 131.  We affirm the
judgment of the trial court.

I.  Facts and
Procedural History








Appellant and appellee, Jimmy Lee Ellis, were
divorced in 1979.  Their divorce decree
included a specific division of appellee=s retirement benefits.  Appellee later qualified for disability
benefits through the Veteran=s Administration (VA).  Appellee=s VA disability benefits offset payments from his
retirement benefits.  In 2003, appellee
sought and received from the trial court a clarification that his disability
pay did not fall under the divorce decree=s definition of retirement benefits.  Appellant now contests this clarification in
eleven issues on appeal, all of which ultimately turn on whether the trial
court erred in finding the 1979 divorce decree did not intend retirement pay to
include VA disability pay.  If the trial
court did err, as appellant claims, she further argues that the 2003 decree
modified, not just clarified, the 1979 divorce decree in violation of res
judicata.  Finally, appellant seeks
attorney=s fees and court costs.

II.  Analysis

Appellant contends that the trial court contradicted
itself by declaring the 1979 divorce decree a non-voidable judgment, then
making a material modification by holding that appellee could deduct his VA
disability compensation from his gross retirement pay before calculating
appellant=s apportioned share.








When interpreting property divisions in divorce
decrees, Texas courts follow an established procedure.  Wilde v. Murchie, 949 S.W.2d 331, 333
(Tex. 1997).  If the decree, when read as
a whole, unambiguously describes the property's disposition, the court
effectuates the order following the literal language used.  Id. 
If the decree is ambiguous, however, the court must interpret the
judgment by reviewing both the decree as a whole and the record to ascertain
the property's disposition.  Id.  Even after expiration of its plenary
jurisdiction, a trial court may clarify or enforce a divorce decree.  See McGehee v. Epley, 661 S.W.2d 924,
926 (Tex. 1983).  The courts may enter
orders of Aclarification@ to enforce compliance with insufficiently specific
divorce decrees.  Tex. Fam. Code Ann. ' 9.008(b) (Vernon 2004).  The courts, however, Amay not amend, modify, alter, or change the division
of property@ set out in the decree.  Id. ' 9.007(a). 
Any order that does so is unenforceable.  Id. ' 9.007(b). 
Any attempt by a petitioner to get such an order modifying or altering
divorce decrees is therefore an impermissible collateral attack and must be
denied on grounds of res judicata.  See
Baxter v. Ruddle, 794 S.W.2d 761, 762-63 (Tex. 1990).    

The parties= 1979 divorce decree states in relevant part the
following:

. . . Respondent shall pay to Petitioner, as her
interest in said [U.S. Navy] retirement benefits, an amount equal to one-half
(1/2) of six and one-half (6 1/2) divided by the total number of years served
for retirement purposes, multiplied by the monthly retirement benefit paid, if
and when said benefit is paid, six and one-half (6 1/2) being the number of
years that parties were married to each other and residents of the State of
Texas.

 

The primary issue is whether the above paragraph
contemplated VA disability income as a part of his retirement benefits.  The divorce decree offers no definition of
the term Aretirement benefits,@ nor
is there any contemplation of Adisability benefits.@  A careful reading of appellant=s brief offers no explanation as to why appellee=s VA disability benefits should be included in the
calculation of her portion of his retirement benefits.  See Tex.
R. App. P. 38.1(h).

Case law supports appellee=s assertion that VA disability income is not
included in a retirement benefits calculation. 
Indeed, it has never been considered community property.  See Ex parte Johnson, 591 S.W.2d 453,
455‑56 (Tex. 1979) (AVeterans Administration benefits are not divisible
or assignable. They are not property.@); see also In re Marriage of Reinauer,
946 S.W.2d 853, 857-58 (Tex. App.BAmarillo 1997, writ denied); Patrick v. Patrick,
693 S.W.2d 52, 54 n.1 (Tex. App.BFort Worth 1985, writ ref=d n.r.e.); Ramsey v. Ramsey, 474 S.W.2d 939,
940‑41 (Tex. Civ. App.BEastland 1971, writ dism'd).








We conclude that the 1979 divorce decree did not
contemplate, and could not legally contemplate, the inclusion of VA disability
benefits in an apportionment of community property.  The consequential defeasance of appellant=s share is irrelevant.  See Ex parte Burson, 615 S.W.2d 192,
196 (Tex. 1981) (holding Burson could not be held in contempt for sheltering
his disability income from alimony payments by electing to waive his Air Force
disability, which was community property, in favor of VA disability, which was
not).

Because the court=s
modification of the relevant wording in the divorce decree merely clarified the
decree by expressly excluding VA disability benefits, to which appellant never
had a right, we find no merit in appellant=s claims of a res judicata violation.  See Tex.
Fam. Code Ann. ' 9.008(b) (Vernon 2004).

Given that appellant has failed to prevail on any
substantive grounds for appeal, we decline to award appellant attorney=s fees and court costs.  See Tex.
R. Civ. P. 131, 141.

 

III. 
Conclusion

We affirm the judgment of the trial court.       

    

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Memorandum
Opinion delivered and filed

this
4th day of August, 2005.