COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





BRUCE W. LEE,

                                    Appellant,

v.

ELAINE FLORES LEE,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-05-00181-CV

Appeal from
383rd District Court

of El Paso County, Texas

(TC # 99CM2045)




 

 

 




O P I N I O N

            Bruce W. Lee appeals from an order clarifying the terms of a previous decree of divorce. The
issue is whether the decree constitutes a child support order subject to clarification pursuant to
Tex.Fam.Code Ann. § 157.421 (Vernon 2002). Finding no error, we affirm.
FACTUAL SUMMARY
            Bruce and Elaine Lee were divorced on June 11, 1999. Three children were born during
marriage. With regard to child support, the decree provides:
The parties have agreed that joint custody is appropriate in this case and that Bruce
W. Lee shall be the primary custodial parent of Robert James Lee and Elaine Omine
Flores Lee shall be the primary custodial parent of Christopher Allen Lee and
Michael Zachary Lee. The parties have agreed that Bruce W. Lee shall pay Elaine
Omine Flores Lee the sum of $500.00 per month child support for Christopher Allen
Lee and $500.00 per month child support for Michael Zachary Lee for a total of
$1,000.00 per month child support commencing on June 1, 1999.
 
Having considered the circumstances of the parties and of the children, the Court
finds that the arrangements agreed to by the parties are in the best interest of the
children and of each other.
 
It is Ordered and decreed that Petitioner and Respondent shall execute all instruments
necessary to effect this decree and that Petitioner and Respondent have all
appropriate and necessary writs, execution, and process, as many and as often as is
necessary, to accomplish the execution and final disposition of this judgment. 

Elaine ultimately sought clarification and enforcement of the child support provisions. The trial
court clarified the decree by deleting the italicized language and substituting the following:
IT IS ORDERED AND DIRECTED that BRUCE W. LEE is obligated to pay and
shall pay to ELAINE OMINE FLORES LEE child support of $1,000.00 per month,
with the first payment being due and payable on June 1, 1999 and a like payment
being due and payable on the first day of each month thereafter until the first month
following the date of the earlier occurrence of one of the events specified below:
 
1. either child reaches the age of eighteen years, provided that, if the child is fully
enrolled in an accredited secondary school in a program leading toward a high school
diploma, the periodic child-support payments shall continue to be due and paid until
the end of the month in which the child graduates;

            2. either child marries;

            3. either child dies;

            4. either child’s disabilities are otherwise removed for general purposes; or

            5. further order modifying this child support.
 
Thereafter, IT IS ORDERED AND DIRECTED that BRUCE W. LEE is obligated 
to pay and shall pay ELAINE OMINE FLORES LEE child support of $500.00 per
month, with the first payment being due and payable on the first day of the month
after the next occurrence of any of the events set forth above and a like payment
being due and payable on the first day of each month thereafter until the first month
following the date of the second occurrence of one of the events specified above.

FRAMING THE ISSUE

            In a single issue for review, Bruce argues that the child support language in the decree was
merely an agreement and not a court order. He contends that the clarification turned an agreement
to pay child support into court-ordered child support payments. He offers two arguments in support
of this theory. First, the court may only clarify a prior court order, not a contractual agreement. 
Second, the clarification here constitutes an impermissible substantive change. See Tex.Fam.Code
Ann. § 157.423. Elaine counters that the decree contained directive language allowing the parties
to pursue all appropriate and necessary process to effectuate the decree. Given this language, she
maintains that the decree constitutes a valid child support order, albeit one that is unenforceable. We
agree. 
THE CLARIFICATION REMEDY
             A court may clarify a prior order if it finds, on the motion of a party or on the court’s own
motion, that the order is not specific enough to be enforceable by contempt. See Tex.Fam.Code
Ann. § 157.421. The parties stipulated below that the decree is not enforceable. However, a trial
court is prohibited from substantively changing the provisions of an earlier order with a clarification
order. See Tex.Fam.Code Ann. § 157.423. Once upon a time, an attempt to impose a specific
obligation to pay where no such obligation had previously existed was an unlawful substantive
change, not a mere clarification or correction of a clerical error. McGehee v. Epley, 661 S.W.2d 924,
925-26 (Tex. 1983). Statutory changes have intervened, allowing a trial court to clarify a prior order
so that it will be enforceable. Clarification orders were added to Title I of the Family Code in 1983. 
See Dechon v. Dechon, 909 S.W.2d 950, 958 (Tex.App.--El Paso 1995, no writ). The remedy was
added to what is now Title V in 1995. While Dechon involved the clarification of a property
division, the same principles apply to clarification of child support. A common error in the drafting
of orders is the absence of language ordering a party to act. Absent that specific magic language, an
order is not capable of enforcement by contempt. Id. Although McGehee holds that ordering a
spouse to pay where no prior obligation existed amounts to a substantive change in the decree, the
subsequent statutory scheme for enforcement is pointless if the court lacks the ability to clarify the
order so as to render it capable of enforcement through contempt. Thus, we do not view Subchapter
I of Title 5 as preventing the type of clarification which occurred below. We caution, however, that
the clarification order is not subject to enforcement by contempt retroactively. Tex.Fam.Code Ann.
§ 157.425.
            Nor are we persuaded by Bruce’s argument that Elaine has a remedy through a breach of
contract action. The Family Code forbids such recovery. Terms of an agreement pertaining to child
support in the order may be enforced by all remedies available for enforcement of a judgment,
including contempt, but are not enforceable as a contract. Tex.Fam.Code Ann. § 154.124(c).
(Vernon Supp. 2006). We overrule the sole point and affirm the judgment of the trial court.


January 25, 2007                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment, not participating