**REVERSE and RENDER and Opinion Filed August 3, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00837-CV

## IN THE INTEREST OF R.Y.C. AND K.A.C., CHILDREN

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-54543-2016**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

Mother appeals the trial court's September 7, 2021 order granting Father's motion to clarify a final order in a suit affecting the parent-child relationship. In her first two issues, Mother argues the trial court erred in granting Father's motion because (1) the language was unambiguous and not erroneous and (2) the change was substantive. She argues in her third issue that the clarification order cannot be affirmed as a modification order because Father did not properly seek modification of the agreed final order. For the reasons discussed below, we reverse and render judgment denying Father's motion to clarify.

## Procedural Background

Mother and Father entered an agreed order on December 8, 2016, concerning their two minor children, R.Y.C. and K.A.C.[1]  The provisions of the 2016 agreed order relevant to the issues in this appeal are as follows:

*Extracurricular Activities*

The Court FINDS, and IT IS THEREFORE ORDERED that Mother and Father shall place each child in one extracurricular activity at a time, (extracurricular activities are defined as any activity which is not school sponsored). This agreement as to which extracurricular activity shall be in writing.

IT IS ADDITIONALLY ORDERED that if a parent desires to enroll a child in any additional extracurricular activities that will occur during the non-enrolling parent's periods of possession, the enrolling parent understands that the non-enrolling parent may take the child to the activity at their elective if the activity occurs during the non-enrolling parent's period of possession.  Each parent shall notify the other party when they exercise their right to enroll a child in an extracurricular activity and shall provide the other Party all information about the activity including the following: the coaches' names and contact information, schedules, practices or other information that the party who enrolls the child receives.

---

[1] The December 8, 2016 agreed order was modified by a subsequent agreed order on September 17, 2018.  However, the provisions relevant to the issues in this appeal were not modified by the 2018 agreed order.

Each party is ORDERED to transport the child to any scheduled activity, including games, practices, rehearsals, and performances relating to such activity, on time and pick them up on time and to have all equipment and uniforms or other paraphernalia necessary for that activity ready. In the event the party entitled to possession of the child cannot take the child to a scheduled event, IT IS ORDERED that the other party be given the opportunity to pick up the child, take the child to the event including games, practices, rehearsals, and performances relating to such activity, and return the child to the party entitled to possession. The Party who is unable to take the child to an extra-curricular activity is ORDERED to notify the party not in possession at least 2 hours prior to the start of an extra-curricular activity. Therefore, if the party entitled to possession of the child is unable to take the child to an extra-curricular activity, then the party entitled to possession is ORDERED to surrender the child to the party not entitled to possession at least 1 hour prior to the scheduled extra-curricular activity at the residence of the Party entitled to possession. The party not entitled to possession is ORDERED to return the child to party entitled to possession within 1 hour after the extra-curricular activity has concluded at the residence of the Party entitled to possession. IT IS FURTHER ORDERED that if the child has two activities that occur simultaneously or have overlapping times then the parent who has possession of the child will be entitled to make the decision as which activity the child will attend.

The cost of all agreed upon extracurricular activities, that are evidenced in writing, will be split as follows: 50% to Mother and 50% to Father.

On March 26, 2021, Father filed a motion for clarification seeking to clarify the language in the first paragraph of the extracurricular activities section.[2] After a hearing, the trial court granted Father's motion and changed the language of the first paragraph to read as follows: "The Court FINDS, and IT IS THEREFORE ORDERED that Mother may place each child in one extracurricular activity at a time and Father may place each child in one extracurricular activity at a time. The designation of the extracurricular activity shall be in writing." Mother timely appealed.

**Motions for Clarification**

In her first and second issues, Mother argues the trial court erred in granting Father's motion to clarify because (1) the language was unambiguous and not erroneous and (2) the change was substantive. A trial court may clarify an order rendered by the court in a suit affecting the parent-child relationship if the court finds that the order is not specific enough to be enforced by contempt. TEX. FAM. CODE ANN. § 157.421(a). If the court so finds, it "shall clarify the order by rendering an order that is specific enough to be enforced by contempt." *Id.* §

---

[2] Father previously brought contempt proceedings against Mother and, during those proceedings, the trial court found that the first paragraph of the extracurricular activities section was not specific enough to be enforced by contempt and changed the language of the first paragraph. The trial court subsequently vacated that order at the direction of the supreme court. *See In re Janson*, 614 S.W.3d 724, 728 (Tex. 2020) (orig. proceeding) (per curiam) (conditionally granting mandamus relief because trial court abused its discretion in holding Mother in contempt for violating an ambiguous order). In Father's March 2021 clarification motion, he requested the trial court to change the language of the first paragraph to the same language the trial court previously used.

157.421(b). However, a court may not change the substantive provisions of an order; "[a] substantive change made by a clarification order is not enforceable." *Id.* § 157.423.

Even though the trial court may have had authority to clarify the order, we conclude that the trial court's clarification order created a substantive change and is therefore unenforceable. The family code does not define "substantive change"; however, the courts of appeals have looked to caselaw addressing impermissible substantive changes in judgments nunc pro tunc, versus permissible corrections of clerical errors, for guidance. *See, e.g.*, *In re D.N.P.*, No. 05-19-01083-CV, 2021 WL 790896, at *3 (Tex. App.—Dallas Mar. 2, 2021, no pet.) (mem. op.); *In re Marriage of Ward*, 137 S.W.3d 910, 913 n.4, 913–16 (Tex. App.—Texarkana 2004, no pet.); *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.). For example, if the clarification order imposes an obligation on a party where no such obligation previously existed, the order constitutes an impermissible substantive change. *McGehee v. Epley*, 661 S.W.2d 924, 925–26 (Tex. 1983) (per curiam); *Ward*, 137 S.W.3d at 913; *Dickens*, 957 S.W.2d at 660. The same is true when a clarification order removes an obligation previously imposed on a party. *See In re V.M.P.*, 185 S.W.3d 531, 534 (Tex. App.—Texarkana 2006, no pet.).

Mother argues that the trial court's clarification order substantively changed the meaning of the 2016 agreed order because it eradicated the parents' mutual obligation to agree to an extracurricular activity in writing under the first

–5–

paragraph. She also argues that the third paragraph now forces the parents to take each child to an extracurricular activity that the other parent unilaterally designated instead of the activity upon which the parents agreed.

We agree that the order substantively changes the obligations of the parties. The 2016 agreed order provided "that Mother and Father shall place each child in one extracurricular activity at a time . . . . This agreement as to which extracurricular activity shall be in writing." The 2016 agreed order referenced an "agreement." The clarification order does not clarify what "this agreement" means but instead completely removes the word "agreement" from the first paragraph. The third paragraph of the extracurricular activities section relates back to the first paragraph and, thus, the relationship between the first and third paragraphs directly affects the obligations of the parties. *See In re Janson*, 614 S.W.3d at 728. Removing the obligation for the parents to agree in writing to an extracurricular activity changes the parents' transportation obligations in that now the parents are required to transport each child, or provide notice so that the other parent can transport the child, to an extracurricular activity unilaterally designated by the other parent instead of only the agreed-upon activity. *See id.* at 725 (setting out requirements of 2016 agreed order, including that "each parent, during his or her time of possession, will transport each child to the *agreed-upon* activities") (emphasis added). Therefore, the clarification order changes the obligations of the

parties, and is an unenforceable substantive change of the 2016 agreed order. Mother's second issue is sustained.[3]

## Suits for Modification

In her third issue, Mother argues that the trial court's clarification order cannot be affirmed as a modification order because Father did not bring a separate suit for modification pursuant to Chapter 156 of the Texas Family Code. In particular, Father did not properly serve Mother as the rules of procedure require, did not allege the modification would be in the child's best interest, and did not allege a material and substantial change. Father responds that the clarification order was not a modification of the agreed order but, if we find it was a modification rather than a clarification, it can be affirmed because the issue of modification was tried by consent. As stated above, we conclude the order creates a substantive change and, thus, is a modification rather than a clarification of the 2016 agreed order. And, further, we conclude that the modification issue was not tried by consent.

To determine whether an issue was tried by consent, we examine the record not for evidence of the issue, but rather for evidence of trial of the issue. *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 771 (Tex. App.—Dallas 2005, pet. denied). "A party's unpleaded issue may be deemed tried by consent

---

[3] Because we have concluded that the trial court's clarification order is an impermissible substantive change to the 2016 agreed order, it is not necessary for us to reach Mother's first issue arguing that the first paragraph of the agreed order was unambiguous and not erroneous. *See* TEX. R. APP. P. 47.1.

when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint." *Id.*

We first note that Father's pleadings do not reflect he filed a modification suit. The document is titled, "[Father]'s Motion for Clarification of Agreed Final Order in Suit Affecting the Parent-Child Relationship." (capitalization removed). Father served Mother in accordance with Rule 21a by serving Mother's attorney, not by service of citation as is required for modification suits. *Compare* TEX. R. CIV. P. 21a (setting out methods of service for documents "other than the citation to be served upon the filing of a cause of action") *with* TEX. FAM. CODE ANN. §§ 156.003, 156.004 (entitling party whose rights and duties may be affected by a suit for modification to receive notice by service of citation as governed by the Texas Rules of Civil Procedure). Further, a review of the motion shows Father did not allege he was seeking modification of the 2016 order, did not allege any material or substantial change, and did not allege such change would be in the best interest of the children. *See* TEX. FAM. CODE ANN. § 156.101 (providing that the trial court may modify an order providing for the possession of or access to a child if modification would be in the best interest of the child and the circumstances of the child or a conservator have materially and substantially changed).

In Mother's response to Father's motion, Mother argued that Father was attempting to substantively change the provisions of the 2016 agreed order, which

was not permitted through a motion to clarify. Throughout the hearing on Father's motion to clarify, Mother's attorney objected to Father presenting evidence, explained Mother was absent as her understanding was that the hearing was for legal argument only, and argued that this was not a modification suit. At no time, did Mother consent to trying the issue as a suit to modify.

Therefore, we conclude the trial court did not have authority to modify the 2016 agreed order. *Cf. V.M.P.*, 185 S.W.3d at 534–35 (concluding clarification order was substantive change to decree but affirming as modification order because parties' motions requesting modification were also before the court). Mother's third issue is sustained.

## Conclusion

We reverse the trial court's September 7, 2021 clarification order and render judgment denying Father's motion to clarify.

/Craig Smith/
CRAIG SMITH
JUSTICE

210837F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF R.Y.C. AND K.A.C., CHILDREN

No. 05-21-00837-CV

On Appeal from the 469th Judicial District Court, Collin County, Texas Trial Court Cause No. 469-54543-2016.
Opinion delivered by Justice Smith. Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

RICHARD Y. CHENG's Motion for Clarification of Agreed Final Order in Suit Affecting the Parent-Child Relationship is denied.

It is **ORDERED** that appellant PAMELA LYNN JANSON recover her costs of this appeal from appellee RICHARD Y. CHENG.

Judgment entered this 3rd day of August 2022.